Skip to Main Content Logout My Account Search Menu Search Civil, Family, Probate and Tax Court Case Records Refine Search  Back

Location : All Locations    Images Help

# REGISTER OF ACTIONS
## CASE NO. 22CV32560

| | | |
|---|---|---|
| **Estate of Jeffery Ferris, Cameron Ferris vs U-Hall International, INC., Amerco, Repwest Insurance Co, U-Haul Co. of Oregon, U-Haul Co. of Washington** | § § § § § | Case Type: **Tort - General** <br> Date Filed: **09/23/2022** <br> Location: **Multnomah** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **Amerco** | |
| Defendant | **Repwest Insurance Co** | |
| Defendant | **U-Hall International, INC.** | |
| Defendant | **U-Haul Co. of Oregon** | |
| Defendant | **U-Haul Co. of Washington** | |
| Plaintiff | **Estate of Jeffery Ferris** | **TRAVIS EIVA** <br> *Retained* <br> 541 636-7480(W) |
| Plaintiff | **Ferris, Cameron** | **TRAVIS EIVA** <br> *Retained* <br> 541 636-7480(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 09/23/2022 | **Complaint** <br> *Action on an Insurance Policy-UM/UIM Benefits; Not Subject to Mandatory Arbitration* <br> Created: 09/26/2022 2:25 PM |
| 09/23/2022 | **Service** |

| | | | |
|---|---|---|---|
| | U-Hall International, INC. | Served | 10/26/2022 |
| | | Returned | 11/04/2022 |
| | Amerco | Served | 10/14/2022 |
| | | Returned | 10/21/2022 |
| | Repwest Insurance Co | Served | 10/07/2022 |
| | | Returned | 11/03/2022 |

| | |
|---|---|
| | Created: 09/26/2022 2:25 PM |
| 09/23/2022 | **Motion** <br> *for Appointment of Guardian Ad Litem* <br> Created: 09/26/2022 2:26 PM |
| 09/23/2022 | **Affidavit** <br> *of Brienna Estrada in Support of Motion* <br> Created: 09/26/2022 2:27 PM |
| 09/23/2022 | **Affidavit** <br> *of Mary Richards in Support of Motion* <br> Created: 09/26/2022 2:28 PM |
| 09/23/2022 | **Order - Appointing Guardian Ad Litem** (Judicial Officer: Souede, Benjamin ) <br> Signed:  09/23/2022 <br> Created: 09/26/2022 2:29 PM |
| 10/21/2022 | **Summons** <br> Created: 10/21/2022 4:41 PM |
| 10/21/2022 | **Proof - Service** <br> Created: 10/21/2022 4:41 PM |
| 10/21/2022 | **Affidavit/Declaration - Mailing** <br> Created: 10/21/2022 4:41 PM |
| 11/03/2022 | **Summons** |

EXHIBIT A Page 1 of 65

Created: 11/03/2022 1:27 PM

| | | | |
|---|---|---|---|
| 11/03/2022 | **Proof - Service** | | |
| | Created: 11/03/2022 1:27 PM | | |
| 11/03/2022 | **Affidavit/Declaration - Mailing** | | |
| | Created: 11/03/2022 1:28 PM | | |
| 11/04/2022 | **Summons** | | |
| | Created: 11/04/2022 11:10 AM | | |
| 11/04/2022 | **Proof - Service** | | |
| | Created: 11/04/2022 11:10 AM | | |
| 11/04/2022 | **Affidavit/Declaration - Mailing** | | |
| | Created: 11/04/2022 11:10 AM | | |
| 11/08/2022 | **Proof - Service** | | |
| | Created: 11/08/2022 3:08 PM | | |
| 11/08/2022 | **Complaint - Amended** | | |
| | *1st - **Added Def*** | | |
| | Created: 11/09/2022 9:20 AM | | |
| 11/08/2022 | **Service** | | |
| | U-Haul Co. of Oregon | Served | 11/08/2022 |
| | | Returned | 11/23/2022 |
| | Created: 11/21/2022 1:39 PM | | |
| 11/23/2022 | **Notice - Intent Take Default** | | |
| | Created: 11/23/2022 10:36 AM | | |
| 11/23/2022 | **Summons** | | |
| | Created: 11/23/2022 2:26 PM | | |
| 11/23/2022 | **Affidavit/Declaration - Mailing** | | |
| | Created: 11/23/2022 2:28 PM | | |
| 11/23/2022 | **Proof - Service** | | |
| | Created: 11/23/2022 2:28 PM | | |
| 12/20/2022 | **Complaint - Amended** | | |
| | *2nd - **Added Def*** | | |
| | Created: 12/21/2022 2:14 PM | | |
| 12/20/2022 | **Service** | | |
| | U-Haul Co. of Washington | Served | 12/22/2022 |
| | | Returned | 01/03/2023 |
| | Created: 12/27/2022 2:53 PM | | |
| 01/03/2023 | **Summons** | | |
| | Created: 01/03/2023 1:08 PM | | |
| 01/03/2023 | **Proof - Service** | | |
| | Created: 01/03/2023 1:08 PM | | |
| 01/05/2023 | **Notice - Rule 7 - 91 Day** | | |
| | Created: 01/05/2023 1:54 PM | | |
| 01/05/2023 | **Notice - Intent Take Default** | | |
| | Created: 01/06/2023 3:36 PM | | |

---

## FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Estate of Jeffery Ferris | | | |
| | Total Financial Assessment | | | 1,178.00 |
| | Total Payments and Credits | | | 1,178.00 |
| | **Balance Due as of 01/09/2023** | | | **0.00** |
| 09/23/2022 | Transaction Assessment | | | 1,178.00 |
| 09/23/2022 | Counter Payment | Receipt # 2022-622360 | Richards, Mary | (1,178.00) |

_Verified Correct Copy of Original 9/23/2022_

2022 SEP 23 AM 9: 54

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MARY RICHARDS, in her capacity as Personal Representative for the Estate of JEFFERY FERRIS, deceased, and in her capacity as Guardian Ad Litem for CAMERON FERRIS, a minor, | Case No. **22CV32560** |
| Plaintiff, | **COMPLAINT** |
| | Action on an Insurance Policy-UM/UIM Benefits |
| v. | Demand for Jury Trial |
| U-HAUL INTERNATIONAL, INC., a foreign corporation, AMERCO, a foreign corporation, and REPWEST INSURANCE CO., a foreign corporation, | (Not Subject to Mandatory Arbitration) |
| | Filing Fee based upon ORS 21.160(1)(e) |
| Defendants. | Amount in Controversy:  $43,100,000 |

Plaintiff alleges:

1.

At all times material hereto:

a) Defendant U-Haul International Inc. (hereinafter "U-Haul") was a duly organized Arizona corporation who conducts regular and sustained business activities of renting, selling, and marketing moving and storage services and vehicles, including but not limited to selling, renting, and marketing moving supplies, trucks, trailers and storage units, and the selling of auto insurance in association with those activities.

b) Defendant U-Haul in the regular course and scope of its business, provided trucks for rent to persons in Oregon to drive on public roadways and sold auto insurance to customers in relation to the rental of those trucks.

Page 1 – COMPLAINT

_ Verified Correct Copy of Original 9/23/2022._

c)  Defendant Amerco was a duly organized Nevada corporation engaged in the business of providing insurance, moving, storage, support, and oversight services for the above activities of defendant U-Haul and its customers.

d)  Defendant RepWest Insurance Company (hereinafter "RepWest") was a duly organized Arizona corporation that provides insurance and claim handling services for liability and underinsured motorist claims involving U-Haul and Amerco and their customers, including providing general liability, auto liability, and uninsured motorist coverage and claims handling.

e)  Each defendant is vicariously or jointly liable for one another as each defendant acted in concert with, in common enterprise with, in partnership with, and/or as an actual or apparent agent of the other, acting within the course and scope of such agency.

f)  Defendants U-Haul International Inc., Amerco and RepWest Insurance Company hereinafter are jointly referred to as "Defendant Insurance Company."

g)  Defendant Insurance Company acted through unnamed agents and employees, acting within the scope of their agency or employment.

h)  Jeffery Ferris was a citizen of the state of Oregon and was a customer of defendant Insurance Company. In Oregon he rented a moving truck and purchased auto liability insurance from defendant.

i)  Cameron Ferris was the minor child of Jeffery Ferris and was riding in the U-Haul truck with Jeffery Ferris at the time of the collision described below.

j)  Plaintiff Mary Richards has been appointed the Personal Representative of the Estate of Jeffery Ferris and also appears as *Guardian Ad Litem* for the minor child Cameron Ferris.

/ / / / /

/ / / / /

Page 2 – COMPLAINT

EIVA LAW
1165 Pearl St.
Eugene, Oregon 97401
(541) 636-7480

_Verified Correct Copy of Original 9/23/2022._

### The Underlying Vehicle Collision

2.

At all material times, Highway 97 was a paved public highway in Oregon. It runs North-South with a speed limit of 70 mph.

3.

On or about November 18, 2020, Jeffery Ferris drove the U-Haul rental truck southbound on Highway 97, and Cameron was his passenger. Liam Pagel simultaneously drove his vehicle northbound on Highway 97. Pagel negligently left his lane of travel, crossed into the southbound lane, and collided head-on with the U-Haul. Jeffery Ferris was killed in the collision and Cameron suffered severe, life-altering injuries.

4.

Pagel was and is negligent in causing the vehicle collision described in paragraph 3 (and therefore liable for all of the damages and losses caused by the collision and described in detail in paragraphs 5 - 6) in one or more of the following ways:

a.      Failing to stay in his lane of travel;

b.      Failing to maintain a proper lookout; and

c.      Failing to maintain control of his vehicle.

5.

As a result of the vehicle collision, Pagel was and is liable for causing the wrongful death of Jeffrey Ferris and all economic and non-economic damages recoverable under ORS 30.020, including lost services, lost income, pecuniary losses to the estate and

Page 3 –COMPLAINT

_Verified Correct Copy of Original 9/23/2022._

statutory beneficiaries (his mother, Mary Richards and his son, Cameron Ferris), and charges necessarily incurred for medical, burial and memorial services in an amount of $3,500,000.00 and for non-economic damages arising from Mr. Ferris's pain and suffering in the period between Pagel's negligence and Mr. Ferris's fiery death and the loss of society, and companionship to Mr. Ferris's statutory beneficiaries in an amount of $25,000,000.00.

6.

As a result of the collision, Pagel was and is liable for causing severe injuries to Cameron Ferris, many of which are permanent in nature, including a degloving injury of lower right leg, foraminal stenosis of cervical spine, concussion and brain injuries, lacerations, scarring over the face, arms and legs, human terror of the collision, including watching his father catch fire, trauma, pain and suffering, loss of enjoyment of life, interference with normal activities and distress all to his noneconomic damages of $12,000,000, and in causing Cameron Ferris to incur past and future reasonable and necessary medical, hospital, doctor, therapy, nursing and rehabilitation expenses and lost earning capacity, all to his economic damage in the approximate sum of $2,600,000.

7.

The motor vehicle driven by Liam Pagel was an uninsured or underinsured motor vehicle as those terms are understood under ORS 742.500 *et seq.* Specifically, Pagel's liability insurance coverage to pay for the above described economic and noneconomic losses was subject to a policy limits of $100,000/$300,000.

Page 4 – COMPLAINT

EIVA LAW
1165 Pearl St
Eugene, Oregon 97401
(541) 636-7480

_Verified Correct Copy of Original 9/23/2022._

8.

At the time of the collision, Jeffery Ferris had purchased an automobile liability policy from defendant Insurance Company at the point of rental purchase. *See* Exhibit 1 (Insurance Policy). Oregon law (ORS 742.500(2) *et seq.*) requires that any such liability insurance must include uninsured and underinsured motorist ("UM/UIM") coverage for Mr. Ferris and his resident relatives, including Cameron Ferris. The insurance seller must pay all damages that the injured insureds would be entitled to collect against the underinsured negligent driver. The amount owed on damages can only be limited by the specific policy limits which are described in a declaration page for the policy. Defendant Insurance Company has declined to set forth the requisite policy limits in a declaration page. Consequently, it must provide uninsured/underinsured UIM coverage benefits to Jeffery and Cameron Ferris up to the total amount of their damages suffered.

9.

All obligations of the insureds, Personal Representative, and Guardian Ad Litem required by the policy sold to Jeffery Ferris by defendant Insurance Company, to receive contractually promised UM/UIM benefits from that policy, have been performed. Defendant Insurance Company has breached its obligations under the policy by not paying all UM/UIM benefits due for the above-described losses.

/ / / / /

/ / / / /

/ / / / /

Page 5 – COMPLAINT

EIVA LAW
1165 Pearl St.
Eugene, Oregon 97401
(541) 636-7480

_Verified Correct Copy of Original 9/23/2022._

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT INSURANCE COMPANY:  BREACH OF CONTRACT FOR UIM BENEFITS FOR THE ESTATE OF JEFFERY FERRIS**

10.

Plaintiff realleges paragraphs 1-9.

11.

At all times material, Jeffery Ferris was an insured under the terms of defendant Insurance Company's above-described insurance policy.

12.

Plaintiff Estate is contractually entitled to UIM benefits from defendant Insurance Company in an amount he was legally entitled to recover as damages, as described in paragraph 5, from the owner or operator of an underinsured vehicle because of bodily injury sustained by the insured caused by accident and arising out of the use of the underinsured vehicle.

13.

Defendant Insurance Company has breached its contractual agreement by not paying the above benefits.

14.

Pursuant to ORS 742.061, plaintiff is entitled to their reasonable attorney fees from defendant.

15.

Plaintiff is entitled to prejudgment interest beginning no later than May 31, 2022,

Page 6 –COMPLAINT

EIVA LAW
1165 Pearl St.
Eugene, Oregon 97401
(541) 636-7480

_Verified Correct Copy of Original 9/23/2022_

which is at least six months after defendant Insurance Company was put on notice that Liam Pagel was underinsured and during that time defendant Insurance Company, through investigation, inquiry and diligence could have readily ascertained the amount of benefits owed for the wrongful death losses of Jeffery Ferris.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT INSURANCE COMPANY:  BREACH OF CONTRACT FOR UIM BENEFITS FOR THE MINOR CHILD CAMERON FERRIS

16.

Plaintiff realleges paragraphs 1-9.

17.

At all times material, Cameron Ferris was an insured under the terms of defendant Insurance Company's above-described insurance policy.

18.

Plaintiff GAL for Cameron Ferris is contractually entitled to UIM benefits from defendant Insurance Company in an amount he was legally entitled to recover as damages, as described in paragraphs 6-8, from the owner or operator of an underinsured vehicle because of bodily injury sustained by the insured caused by accident and arising out of the use of the underinsured vehicle.

19.

Defendant Insurance Company has breached its contractual agreement by not paying the above benefits.

Page 7 –COMPLAINT

EIVA LAW
1165 Pearl St
Eugene, Oregon 97401
(541) 636-7480

_Verified Correct Copy of Original 9/23/2022._

20.

Pursuant to ORS 742.061, plaintiff is entitled to their reasonable attorney fees from defendant.

21.

Plaintiff is entitled to prejudgment interest beginning no later than May 31, 2022, which is at least six months after defendant Insurance Company was put on notice that Liam Pagel was underinsured and during that time defendant Insurance Company, through investigation, inquiry and diligence could have readily ascertained the amount of benefits owed for the losses suffered by the minor child, Cameron Ferris.

* * * * * * * * * * *

WHEREFORE, plaintiffs pray for judgment against defendant Insurance Company in the amount of $43,100,000 or such amount as determined to be appropriate, pre-judgment interest, costs and disbursements and attorney fees under ORS 742.061.

DATED:  September 14, 2022

EIVA LAW

/s/ Travis Eiva
Travis Eiva – OSB No. 052440
travis@eivalaw.com

Of Attorneys for Plaintiff

Trial Attorney: Travis Eiva

Page 8 – COMPLAINT

09/23/2022

**11 SAFE/STOP MOBILE**

**12 EDR**

**13 SEATBELT USE/TEXTING**



REPORT ALL CLAIMS TO Repwest Insurance Co at
- uhaulclaims.com
- 1-800-528-7134
- PO Box 21748
- Phoenix, AZ 85036-1748

ROADSIDE ASSISTANCE
Get Help Fast
uhaul.com/help

## Need Storage?
### We have Storage that fits your needs.





**5' x 5' Storage Room***
Miscellaneous Storage
(Up to 2 Rooms)

*Perfect for Storing Extra Items Town-Size Mattress Seasonal Items Clothing Books Bicycles Records/Files Business Merchandise Boxes*

**5' x 10' Storage Room***
Studio or 1 Bedroom Home
(Up to 1 200 sq ft)
**10' or 15' Moving Van***

*Perfect for Studio a One Bedroom Queen Size Mattress Major Appliances Furniture Clothing Business Merchandise Bicycles Boxes*



**10' x 10' Storage Room***
Up to 2 Bedroom Home
(1 200 - 1 600 sq ft)
**20' Moving Van***

*Perfect for Two Bedrooms King Size Mattress Major Appliances Furniture Clothing Business Merchandise Boxes*



**10' x 15' Storage Room***
Up to 3 Bedroom Home
(1,600 - 2,000 sq ft)
**20' Moving Van***

*Perfect for Three Bedrooms King-Size Mattress Major Appliances Furniture Clothing Business Merchandise Boxes*



**10' x 20' Storage Room***
4 Bedroom Home
or Larger
(2 000 sq ft & up)
**26' Moving Van***

*Perfect for Four Bedrooms King-Size Mattress Major Appliances Furniture Clothing Business Merchandise Boxes*

We also have RV Boat & Vehicle Storage at select locations!
* S storage room sizes are approximate **Moving Van/Trailer recommended sizes

It's not too late! Visit movinghelp.com
to hire helpers to load or unload
your truck trailer or storage room –
here or at your destination  only at


MovingHelp

## ADDITIONAL TERMS & CONDITIONS FOR EQUIPMENT RENTAL



**U-HAUL**
**24/7**

## DO YOU NEED STORAGE HERE or AT YOUR DESTINATION?

## No Problem! I Can Help!

## CREATE YOUR U-HAUL ACCOUNT TODAY!

- 24/7 Rentals and Returns on mobile
- Skip the line on any Rental/Return
- Make online Storage payments

Plus More... Go To:
**uhaul.com/account**

We'll never sell or share your information.

## RENTAL CONTRACT ADDENDUM
## DOCUMENT HOLDER

Additional Terms and Conditions for EQUIPMENT Rental
Place Rental Contract documents in this holder &
keep available throughout your move.

**READY TO RETURN YOUR EQUIPMENT?**
Returns are now accepted 24/7
**TRUCK SHARE 24/7**



1. If returning during Business Hours follow directional signage

2. If returning outside Business Hours go to drop-off destination go to uhaul.com on a mobile device, sign in or create your account, choose "Return My Truck" option and follow the prompts

If you are unable to complete the return process please go to a U-Haul location during retail store hours

3. Avoid extra charges by adding fuel if needed

**EZ-FUEL™ OPTIONS:**

1. Self-Refueling Return truck with the same fuel gauge reading as indicated on the Rental Contract signed by the Customer

2. EZ-FUEL Service Let U-Haul refuel at an agreed upon per gallon price plus applicable service fee as both are indicated on the Rental Contract signed by the Customer

**UNTIL YOUR CONTRACT IS CLOSED, THE FOLLOWING APPLIES**

**DAMAGE POLICY**
- Customer will be responsible for any loss or damage to EQUIPMENT and Customer's deposit will be applied toward EQUIPMENT damage when optional Safemove®/Safemove Plus®, Safetow® or Damage Waiver is not purchased

**CLEANING POLICY**
- Customer agrees to pay a cleaning fee of the EQUIPMENT is not returned in as clean of a condition as when it was picked up. The determination as to the condition of the EQUIPMENT shall be made by Company

Rem nder. The Customer is responsible for all damages to EQUIPMENT and personal EQUIPMENT losses, collisions, etc.

EXHIBIT A

U-HAUL ARBITRATION AGREEMENT

Please read carefully. This mandatory agreement affects your rights

By commencing or making a reservation to or agreeing to purchase rental products or purchase or rent "Equipment" from U-Haul (you agree to the terms and conditions of this U-Haul Arbitration Agreement ("the Agreement"). For purposes of this Agreement, the definitions of "Equipment", "U-Haul", "You" and "Claims" and the complete terms and conditions are available at www.uhaul.com/arbitration

1 U-Haul. When you agree that U-Haul is safely and rentals have an effect on interstate commerce. Therefore U-Haul and You agree that this Arbitration Agreement shall be construed and interpreted under the Federal Arbitration Act ("FAA") Section 1 et seq

2. U-Haul that You agree that any and all Claims between U-Haul and You relating in any way to your rental or purchase from U Haul shall be submitted to binding Arbitration before the American Arbitration Association ( AAA) in accordance with AAA Consumer Arbitration Rules (www are org commerce) and the AAA Commercial Arbitration Rules for Large, Complex Matters where are applicable ("rules) involving more than $500,000 or more). AAA rules are also available at www uhaul com/arbitration. Judgment may be entered on the Arbitration award by a Court of competent jurisdiction You and U Haul agree that Claims submitted to Arbitration shall be decided in a single arbitration before a single Arbitrator who must be on the AAA National Register of Commercial Arbitrators and selected in accordance with the AAA Rules. Arbitration is more informal than a lawsuit in court. Arbitration uses a neutral arbitrator instead of a judge or jury allows for more limited discovery than in court and is subject to very limited review by courts. Arbitrators have the authority to award the same damages and relief that a court can award

3 U-HAUL AND YOU AGREE THAT CLAIMS MAY ONLY BE BROUGHT IN AN INDIVIDUAL CAPACITY AND IN THE NAME OF AN INDIVIDUAL PERSON OR ENTITY AND THAT CLAIMS MUST PROCEED ON AN INDIVIDUAL AND NON-CLASS AND NON-REPRESENTATIVE BASIS. U-HAUL AND YOU AGREE THAT CLAIMS OF TWO OR MORE PERSONS MAY NOT BE JOINED OR CONSOLIDATED IN THE SAME ARBITRATION UNLESS ARISING FROM THE SAME TRANSACTION. FURTHERMORE, U-HAUL AND YOU AGREE THAT NEITHER YOU NOR U-HAUL MAY PURSUE THE CLAIMS IN ARBITRATION AS A CLASS ACTION OR PRIVATE ATTORNEY GENERAL ACTION OR OTHER REPRESENTATIVE ACTION NOR MAY ANY SUCH CLAIMS BE PURSUED ON BEHALF OF OUR BEHALF IN ANY COURT, INCLUDING ASSIGNED CLAIMS. THE ARBITRATOR SHALL HAVE THE AUTHORITY TO AWARD RELIEF ONLY ON AN INDIVIDUAL AND NON-CLASS AND NON-REPRESENTATIVE BASIS

4 You acknowledge and agree that You voluntarily and knowingly entered into this Arbitration Agreement which waives your right to file a lawsuit in court (except for small claims) and chose to rent or purchase from U Haul rather than one of its competitors who may not have an arbitration agreement

This Agreement is between the Customer (defined on the schedule) signing the individual rental contract and/or paying for the rental of the EQUIPMENT (Customer "C" "Me" or "My") and the local "U-Haul" Marketing Company where the Agreement is entered into or an independent U-Haul Marketing Company dealer ("Company ). These terms and conditions the terms and conditions of the individual rental contract signed by the Customer, including the above U Haul Arbitration Agreement, together constitute the entire Agreement ("Rental Agreement" or "Rental Agreement" or "Rental Contract ) for the rental of that equipment identified on the individual rental contract ("EQUIPMENT") and where necessary EQUIPMENT may be further described in its contents ("Trailer" "Auto Transport , "Tow Dolly" "Pick Up Truck "U Box Container" "Van" or "Dolly") including all of its parts if the Customer agree to all terms and conditions of the Agreement

1 VEHICLE

I understand that I do not own the EQUIPMENT. The EQUIPMENT is defined as that listed on the individual Rental Contract issued by the Customer. No one other than the Company any transfer the EQUIPMENT or any rights or obligations under this Agreement. Any attempted transfer or subleasing to anyone other than the Company is void. No one may service or repair the EQUIPMENT without the Company's prior express approval. THE COMPANY MAKES NO EXPRESS OR IMPLIED WARRANTIES OR REPRESENTATIONS, INCLUDING ANY WARRANTY OR MERCHANTABILITY OF THAT THE EQUIPMENT IS FIT FOR ANY PARTICULAR PURPOSE

2. AUTHORIZED DRIVERS

An Authorized Driver for purposes of this Agreement is 1) any Customer who possesses a driver's license driver's privilege card or other government issued driver's card and is 18 years of age or older or 18 years of age or older for 2) any other individual that has Customer's express permission to operate the EQUIPMENT and that is 18 years of age or older or 16 years of age or older for EQUIPMENT with no motors and possesses a driver's license driver's privilege card or other government issued driver's card

3 LIABILITY PROTECTION

An automobile liability insurance policy or a qualified self insurance arrangement provides the Authorized Driver with the minimum limits required by the automobile financial responsibility or compulsory insurance law of the jurisdiction in which the accident occurs. This protection provided by the Company is excess or secondary to any insurance coverage of the Customer or an Authorized Driver if the liability protection provided under this Agreement and other insurance available to the Authorized Driver apply to a loss on the same basis. The Company will pay only the Company's share. The Company's share is the proportion that the limit of protection provided under this Agreement bears to the total limit of all insurance applicable to such loss. To the extent permitted to applicable law the Company's protection does not apply to bodily injury (including death) or property damage to any Authorized Driver or the Authorized Driver's family members related to blood marriage or adoption who reside in the Authorized Driver or to any other person who resides with the Authorized Driver

I understand that this protection does not apply to any intentional torts or criminal acts any false or fraudulent claims any obligation assumed by an Authorized Driver under any contract, fees fines penalties punitive damages or exemplary damages which an Authorized Driver may become legally obligated to pay injury to or destruction of personal property owned by or in the possession custody or control of an Authorized Driver or any liability for an Authorized Driver who was not an Authorized Driver and any liability for accidents which occurs while the EQUIPMENT is being used or used in violation of this Agreement. In the event that the liability protection is extended by operation of law to anyone who is not an Authorized Driver the terms of protection shall be those that apply from limits required by the automobile financial responsibility or compulsory insurance laws of the jurisdiction in which the accident occurs. This liability protection will apply on the same basis as described above only if the Authorized Driver complies with these terms of protection. If an Authorized Driver does not apply to any act or omission in Mexico.

Any protection provided in this section is limited to the duration of the Rental Contract as set forth in the individual rental contract signed by the Customer I and all Authorized Drivers will expressly hold the Company its agents employees parent and all affiliate harmless from and against any and all loss, liability claim demand cause of action attorneys fees and expense of any kind (a loss") in excess of the limits stated herein or beyond the scope of the protection provided herein if any arising from the use or possession of the EQUIPMENT by Me or any Authorized Drivers including but not limited to attorneys fees incurred by the Company to enforce any of its rights hereunder

COMPANY RIGHT TO DEFEND

The Company has no duty to defend lawsuits not covered by this liability protection. To the extent permitted by applicable law the Company has no duty to defend any Authorized Driver in any claim or lawsuit arising out of any acts prohibited by this Agreement. I understand that if a claim is made or a lawsuit is filed under the terms of this Agreement and if no other source of defense is available to the Authorized Driver the Company may defend the claim or lawsuit at its sole discretion. In defending the claim or lawsuit the Company may at its sole discretion make any settlements which the Company considers advisable. Company has a right but not a duty to defend a claim or lawsuit at its sole discretion. Company has the exclusive right in their action and direct its counsel of choice if and when Company defends a claim or lawsuit hereunder

MY DUTY TO COOPERATE

In the event of an accident the Customer and/or any Authorized Driver is required to provide notice of the accident as soon as possible. Notice shall be provided to Repwest Insurance Company at www.uhaulclaims.com or 1-800-528-7134

I also agree to fully cooperate with the Company in investigating and/or defending any claim or lawsuit. The failure to cooperate will void any protection provided herein subject to applicable law. In the event of an accident the Customer and/or Authorized Drivers agree to provide the Company with the name of their insurance company and

EXHIBIT A Page 12 of 65



FILED

22 SEP 23 AM 11:36

4TH JUDICIAL DIST.

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR MULTNOMAH COUNTY

MARY RICHARDS, in her capacity as
Personal Representative for the Estate of
JEFFERY FERRIS, deceased, and in her
capacity as Guardian Ad Litem for
CAMERON FERRIS, a minor,

                 Plaintiff

vs.

U-HAUL INTERNATIONAL, INC., a
foreign corporation, AMERCO, a foreign
corporation, and REPWEST
INSURANCE CO., a foreign
corporation,

                 Defendants.

Case Number: 22CV 32560

**MOTION FOR APPOINTMENT OF
GUARDIAN AD LITEM FOR
CAMERON FERRIS, A MINOR**

## <u>Motion</u>

Plaintiff Mary Richards, the Grandmother of Cameron Ferris, a minor, moves this court for an order appointing her as Guardian *Ad Litem* to Cameron for the above-captioned law suit. This motion is accompanied by the consent of Brienna Estrada, the mother and sole surviving parent and legal guardian of the minor child.

/ / /

Page 1 of 3- MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM

EIVA LAW
1165 PEARL STREET
EUGENE, OREGON 97401
(541) 636-7480

_Verified Correct Copy of Original 9/23/2022._

_Verified Correct Copy of Original 9/23/2022._

## ORCP 27D Facts Supporting Appointment of Guardian Ad Litem

ORCP 27D requires that this motion "shall be supported by one or more affidavits or declarations that contain facts sufficient to prove by a preponderance of the evidence that the party on whose behalf the motion is filed is a minor, [...]" In support of this motion are attached affidavits of Mary Richards, attesting that Cameron Ferris is a minor, he is 13 years old, and that he was born on July 21, 2009. Also attached is the affidavit of Brienna Estrada, Cameron's mother, attesting that she consents to Mary Richards being appointed the Guardian Ad Litem for the purposes of this litigation. *See* Exhibits 1 and 2 (Affidavits of Mary Richards and Brienna Estrada).

## ORCP 27H Waiver or Modification of Notice Requirements

ORCP 27H states, "For good cause shown, the court may waive notice entirely or make any other order regarding notice that is just and proper in the circumstances." Here there is good cause to waive any requirement of notice. Specifically, the only notice required for this appointment, as provided by ORCP 27E(1), is "to the parents of the minor; to the person or persons having custody of the minor; [and] to the person who has exercised principal responsibility for the care and custody of the minor during the 60-day period before the filing of the motion." Here, Brienna Estrada is Cameron's sole surviving parent and she currently has physical custody of the minor child, and she is the person who has exercised principal responsibility for Cameron during the 60-day period before the filing of this motion. *See* Exhibit 2 at paragraph 23-26. *See also* ORCP 27E(1) (so describing the persons who must receive notice of this motion). Ms. Estrada consents to the appointment of

Page 2 of 3- MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM

EIVA LAW
1165 PEARL STREET
EUGENE, OREGON 97401
(541) 636-7480

Verified Correct Copy of Original 9/23/2022

Ms. Richards as *Guardian Ad Litem*, for the purposes of the litigation against U-Haul, RepWest and Amerco concerning the tragic collision that occurred on November 18, 2020.

DATED this **22** day of September, 2022.

EIVA LAW

*/s/ Travis Eiva*

Travis Eiva, OSB #052440
travis@eivalaw.com
of Attorneys for Plaintiffs

Page 3 of 3- MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM



FILED

22 SEP 23  AM 11: 35

4ᵀᴴ JUDICIAL DIST.

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR MULTNOMAH COUNTY

MARY RICHARDS, in her capacity as
Personal Representative for the Estate of
JEFFERY FERRIS, deceased, and in her
capacity as Guardian Ad Litem for
CAMERON FERRIS, a minor,

Plaintiff

vs.

U-HAUL INTERNATIONAL, INC., a
foreign corporation, AMERCO, a foreign
corporation, and REPWEST
INSURANCE CO., a foreign
corporation,

Defendants.

Case Number: 22CV 32560

**AFFIDAVIT OF BRIENNA ESTRADA
IN SUPPORT OF MOTION FOR
APPOINTMENT OF GUARDIAN AD
LITEM**

STATE OF WASHINGTON    )
                        ) ss.
County of Clark         )

I, BRIENNA ESTRADA, being first duly sworn, state:

1. I am the mother and legal custodian of the minor Cameron Ferris.

2. Cameron currently lives with me, and I exercise principal care and custody over him.

3. Cameron has lived with me for the 60 days preceding the filing of this motion.

Page 1 of 2- AFFIDAVIT OF BRIENNA ESTRADA IN SUPPORT OF MOTION FOR APPOINTMENT OF
GUARDIAN AD LITEM

TIVA LAW
1165 PEARL STREET
EUGENE, OREGON 97401
(541) 636-7480

Verified Correct Copy of Original 9/23/2022.

4. Cameron's birthday is July 21, 2009. He is 13 years old.

5. I have received and read the Motion for Appointment of Guardian Ad Litem, know the contents thereof, and the same are true.

6. I hereby waive notice and hearing, and consent to the immediate entry of an Order appointing Mary Richards, Cameron's grandmother, as Guardian Ad Litem for the purposes of this litigation.

DATED this _21st_ day of September, 2022.

_Brienna F Estrada_
BRIENNA ESTRADA

SUBSCRIBED    AND    SWORN    to    before    me    on    _Sept. 21, 2022,_    by _Brienna Estrada_.



_AML_
Notary Public for _WA_
My Commission Expires: _11/21/24_

Page 2 of 2- AFFIDAVIT OF BRIENNA ESTRADA IN SUPPORT OF MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM



Verified Correct Copy of Original 9/23/2022

FILED

22 SEP 23 AM 11: 35

4TH JUDICIAL DIST.

1
2
3
4
5
6            IN THE CIRCUIT COURT OF THE STATE OF OREGON
7                        FOR MULTNOMAH COUNTY

8   MARY RICHARDS, in her capacity as          Case Number: 22CV32566
    Personal Representative for the Estate of
9   JEFFERY FERRIS, deceased, and in her       **AFFIDAVIT OF MARY RICHARDS IN**
    capacity as Guardian Ad Litem for          **SUPPORT OF MOTION FOR**
10  CAMERON FERRIS, a minor,                    **APPOINTMENT OF GUARDIAN AD**
                                                **LITEM**
11                 Plaintiff

12  vs.

13
    U-HAUL INTERNATIONAL, INC., a
14  foreign corporation, AMERCO, a foreign
    corporation, and REPWEST
15  INSURANCE CO., a foreign
    corporation,
16
17                 Defendants.

18

19  STATE OF ARIZONA           )
20                             )  ss.
    County of Maricopa         )
21

22       I, MARY RICHARDS, being first duly sworn, state:

23  1.  I am the paternal grandmother of the minor Cameron Ferris.

24  2.  Cameron's birthday is July 21, 2009.  He is 13 years old.

25
26  3.  I have received and read the Motion for Appointment of Guardian Ad Litem, know

Page 1 of 2- AFFIDAVIT OF MARY RICHARDS IN SUPPORT OF MOTION FOR APPOINTMENT OF
GUARDIAN AD LITEM

EIVA LAW
1165 PEARL STREET
EUGENE, OREGON 97401
(541) 636-7480

EXHIBIT A Page 18 of 65

the contents thereof, and the same are true.

4. I hereby waive notice and hearing, and consent to the immediate entry of an Order appointing myself as Guardian Ad Litem for the purposes of this litigation.

DATED this _21_ day of September, 2022.

*Mary Richards*

MARY RICHARDS

SUBSCRIBED AND SWORN to before me on _09/21/2022_, by

_Mary Richards_ .

MARY HOLLAND
Notary Public, State of Arizona

*Mary Holland*

Notary Public for Arizona

My Commission Expires: _02/01/2025_

Page 2 of 2- AFFIDAVIT OF MARY RICHARDS IN SUPPORT OF MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM

_Verified Correct Copy of Original 9/23/2022._



FILED

22 SEP 23 AM 11:35

JUDICIAL DIST.

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR MULTNOMAH COUNTY

MARY RICHARDS, in her capacity as
Personal Representative for the Estate of
JEFFERY FERRIS, deceased, and in her
capacity as Guardian Ad Litem for
CAMERON FERRIS, a minor,

         Plaintiff

vs.

U-HAUL INTERNATIONAL, INC., a
foreign corporation, AMERCO, a foreign
corporation, and REPWEST
INSURANCE CO., a foreign
corporation,

         Defendants.

Case Number: 22CV32560

**ORDER APPOINTING GUARDIAN AD LITEM FOR CAMERON FERRIS, A MINOR**

This matter comes before the Court on plaintiff Mary Richard's Motion for Appointment of a Guardian Ad Litem for Cameron Ferris, for the above-entitled action. The Court, considering the motion and supporting documents HEREBY ORDERS:

/ / /

/ / /

Page 1 of 2- ORDER APPOINTING GUARDIAN AD LITEM

EIVA LAW
1165 PEARL STREET
EUGENE, OREGON 97401
(541) 636-7480

Verified Correct Copy of Original 9/23/2022

Verified Correct Copy of Original 9/23/2022.

Plaintiff's motion for an order appointing herself as Guardian Ad Litem for the minor child, Cameron Ferris, is hereby:

✓ ALLOWED.

___ DENIED.

Comments: _____

_____

Pursuant to ORCP 27H, Plaintiff's request to have the notice requirements waived for good cause shown is hereby:

✗ ALLOWED.

___ DENIED.

Comments: _____

_____

DATED

9.23.2022

SUBMITTED BY:
Travis Eiva, OSB #052440
Attorney for Plaintiffs
Eiva Law
1165 Pearl Street
Eugene, OR 97401
(541) 636-7480
travis@eivalaw.com

Page 2 of 2- ORDER APPOINTING GUARDIAN AD LITEM

EIVA LAW
1165 PEARL STREET
EUGENE, OREGON 97401
(541) 636-7480

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR
MULTNOMAH COUNTY

| | |
|---|---|
| MARY RICHARDS, in her capacity as Personal Representative for the Estate of JEFFERY FERRIS, deceased, and in her capacity as Guardian Ad Litem for CAMERON FERRIS, a minor | Case No. 22CV32560 **SUMMONS** |
| Plaintiff, vs. | |
| U-HAUL INTERNATIONAL, INC., a foreign corporation AMERCO a foreign corporation, and REPWEST INSURANCE CO., a foreign corporation, | |
| Defendants. | |

**TO:    AMERCO**
**c/o Registered Agent**
**CT CORPORATION SYSTEM**
**701 S. Carson Street, Suite 200**
**Carson City, NV 89701**

**IN THE NAME OF THE STATE OF OREGON:** You are hereby required to appear and answer the Complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons upon you, and if you fail so to answer, for want thereof, the plaintiff will apply to the court for the relief demanded therein.

**NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY!** You must "appear" in this case, or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer". The "motion" or "answer" must be filed with the court within

Page 1 of 2- SUMMONS

Eiva Law
1165 Pearl Street
Eugene, OR 97401
541-636-7480

30 days along with the required filing fee.  It must be in proper form and have proof of service on the plaintiff's attorney.

If you have any questions, you should see an attorney immediately.  If you need help finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 683-3763 or toll-free in Oregon at (800) 452-7636.

/s/ *Travis Eiva*
EIVA LAW PC
101 E. Broadway, Suite 303
Eugene, OR 97401
(541) 636-7480

Travis Eiva, OSB No. 052440
Email: travis@eivalaw.com

Attorneys for Plaintiff

SUMMONS
(For service within the U.S.)

Page 2 of 2- SUMMONS

## IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF MULTNOMAH

MARY RICHARDS, in her capacity as Personal
Representative for the Estate of JEFFERY
FERRIS, deceased, and in her capacity as
Guardian Ad Litem for CAMERON FERRIS, a
minor,

Plaintiff,

vs.

U-HAUL INTERNATIONAL, INC., a foreign
corporation AMERCO a foreign corporation, and
REPWEST INSURANCE CO., a foreign
corporation,

Defendant.

_____/

Case No. **22CV32560**

**CERTIFICATE OF SERVICE**

STATE OF NEVADA
Carson City        ss.

I, Stephen Eckart , hereby certify that I am a competent person 18 years of age or older, a
resident of the State of Nevada and that I am not a party to nor an attorney for any party in the
within named action; that I made service of a true copy of:

*Summons and Complaint*

CORPORATE SERVICE - Pursuant to ORCP 7D(3):

Upon **AMERCO**, by personal service upon Ana Gomes, who is a clerk on duty in the office
of the Registered Agent, CT Corporation System, 701 S. Carson St., Suite 200, Carson City,
NV89701 on October 14, 2022 at 1:22 PM.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this __18__ day of __October__ ,20 22 .

X _____
Stephen Eckart
Nationwide Process Service, Inc.
315 W Mill Plain Blvd, Ste. 206
Vancouver, WA 98660
503-241-0636

*360064*

## IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF MULTNOMAH

MARY RICHARDS, in her capacity as Personal
Representative for the Estate of JEFFERY
FERRIS, deceased, and in her capacity as
Guardian Ad Litem for CAMERON FERRIS, a
minor,

       Plaintiff,

vs.

U-HAUL INTERNATIONAL, INC., a foreign
corporation AMERCO a foreign corporation, and
REPWEST INSURANCE CO., a foreign
corporation,

       Defendant.

_____/

Case No. **22CV32560**

AFFIDAVIT OF MAILING

STATE OF OREGON
County of Multnomah        ss.

I, Jason Crowe, being first duly sworn, depose and say that I am employed by Nationwide Process Service, Inc. On October 15, 2022, I mailed a true copy of the Summons and Complaint via First Class Mail, postage pre-paid, together with a statement of the date, time and place at which service was made, to CT Corporation System.

The envelope was addressed as follows:

       CT Corporation System, Registered Agent
       for AMERCO
       701 S. Carson St., Suite 200
       Carson City, NV 89701

I declare under the penalty of perjury that the above statement is true and correct.

X_____
Jason Crowe
Nationwide Process Service, Inc.
315 W Mill Plain Blvd, Ste. 206
Vancouver, WA 98660
503-241-0636

SUBSCRIBED AND SWORN BEFORE ME
this 15 day of October , 2022
by Jason Crowe.

_____
Notary Public for Oregon



OFFICIAL STAMP
**MITCH AARON WIRTH**
NOTARY PUBLIC · OREGON
COMMISSION NO. 1024315

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR
MULTNOMAH COUNTY

MARY RICHARDS, in her capacity as
Personal Representative for the Estate of
JEFFERY FERRIS, deceased, and in her
capacity as Guardian Ad Litem for
CAMERON FERRIS, a minor

                      Plaintiff,

vs.

U-HAUL INTERNATIONAL, INC., a
foreign corporation AMERCO a foreign
corporation, and REPWEST INSURANCE
CO., a foreign corporation,

                      Defendants.

Case No. 22CV32560

**SUMMONS**

TO:    **REPWEST INSURANCE CO.**
          **c/o Registered Agent**
          **CT CORPORATION SYSTEM**
          **780 Commercial Street, Suite 100**
          **Salem, OR 97301**

**IN THE NAME OF THE STATE OF OREGON:** You are hereby required to appear and answer

the Complaint filed against you in the above-entitled cause within 30 days from the date of service

of this summons upon you, and if you fail so to answer, for want thereof, the plaintiff will apply to

the court for the relief demanded therein.

**NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY!** You must "appear" in

this case, or the other side will win automatically. To "appear" you must file with the court a legal

paper called a "motion" or "answer". The "motion" or "answer" must be filed with the court within

Page 1 of 2- SUMMONS

30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney.

If you have any questions, you should see an attorney immediately. If you need help finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 683-3763 or toll-free in Oregon at (800) 452-7636.


/s/ Travis Eiva
EIVA LAW PC
101 E. Broadway, Suite 303
Eugene, OR 97401
(541) 636-7480

Travis Eiva, OSB No. 052440
Email: travis@eivalaw.com

Attorneys for Plaintiff


SUMMONS
(For service within the U.S.)


Page 2 of 2- SUMMONS

Eiva Law
1165 Pearl Street
Eugene, OR 97401
541-636-7480

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MARY RICHARDS, in her capacity as Personal
Representative for the Estate of JEFFERY
FERRIS, deceased, and in her capacity as
Guardian Ad Litem for CAMERON FERRIS, a
minor,

Case No. **22CV32560**

CERTIFICATE OF SERVICE

      Plaintiff,

vs.

U-HAUL INTERNATIONAL, INC., a foreign
corporation AMERCO a foreign corporation, and
REPWEST INSURANCE CO., a foreign
corporation,

      Defendant.

_____/

STATE OF OREGON
County of Multnomah     ss.

I, Mitch Wirth, hereby certify that I am a competent person 18 years of age or older, a resident of the State of Oregon and that I am not a party to nor an attorney for any party in the within named action; that I made service of a true copy of:

*Summons and Complaint; Exhibit 1*

CORPORATE SERVICE - Pursuant to ORCP 7D(3):

Upon **REPWEST INSURANCE CO** , by personal service upon Eden Titus, the clerk on duty in the office of the registered agent, CT Corporation System, 780 Commercial St. SE Ste 100, Salem, OR 97301 on October 07, 2022 at 12:38 PM.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this __10__ day of __October__ ,20__22__.

X _M._____

Mitch Wirth
Nationwide Process Service, Inc.
315 W Mill Plain Blvd, Ste. 206
Vancouver, WA 98660
503-241-0636

*360024*

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MARY RICHARDS, in her capacity as Personal
Representative for the Estate of JEFFERY
FERRIS, deceased, and in her capacity as
Guardian Ad Litem for CAMERON FERRIS, a
minor,

        Plaintiff,

    vs.

U-HAUL INTERNATIONAL, INC., a foreign
corporation AMERCO a foreign corporation, and
REPWEST INSURANCE CO., a foreign
corporation,

        Defendant.

_____/

Case No. **22CV32560**

AFFIDAVIT OF MAILING

STATE OF OREGON
County of Multnomah     ss.

I, Mitch Wirth, being first duly sworn, depose and say that I am employed by Nationwide Process
Service, Inc. On October 10, 2022, I mailed a true copy of the Summons and Complaint; Exhibit 1
via First Class Mail, postage pre-paid, together with a statement of the date, time and place at which
service was made, to CT Corporation System.

The envelope was addressed as follows:

        CT Corporation System, Registered Agent
        for REPWEST INSURANCE CO
        780 Commercial St. SE Ste 100
        Salem, OR 97301

I declare under the penalty of perjury that the above statement is true and correct.

X _____

Mitch Wirth
Nationwide Process Service, Inc.
315 W Mill Plain Blvd, Ste. 206
Vancouver, WA 98660
503-241-0636

SUBSCRIBED AND SWORN BEFORE ME
this 27th day of _October_, 20 22
by Mitch Wirth.

_____
Notary Public for Oregon

OFFICIAL STAMP
NANCY LEE MONTGOMERY
NOTARY PUBLIC · OREGON
COMMISSION NO. 1016826
MY COMMISSION EXPIRES SEPTEMBER 08, 2025

1
2
3
4

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR
MULTNOMAH COUNTY

5
6
7
8

MARY RICHARDS, in her capacity as
Personal Representative for the Estate of
JEFFERY FERRIS, deceased, and in her
capacity as Guardian Ad Litem for
CAMERON FERRIS, a minor

Case No. 22CV32560

**SUMMONS**

9
10

Plaintiff,

vs.

11
12
13

U-HAUL INTERNATIONAL, INC., a
foreign corporation AMERCO a foreign
corporation, and REPWEST INSURANCE
CO., a foreign corporation,

14

Defendants.

15
16
17
18

**TO:    U-HAUL INTERNATIONAL, INC.**
**c/o Registered Agent**
**CT CORPORATION SYSTEM**
**3800 N Central Avenue, Suite 460**
**Phoenix, AZ 85012**

19    **IN THE NAME OF THE STATE OF OREGON:** You are hereby required to appear and answer

20    the Complaint filed against you in the above-entitled cause within 30 days from the date of service

21    of this summons upon you, and if you fail so to answer, for want thereof, the plaintiff will apply to

22    the court for the relief demanded therein.

23    **NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY!** You must "appear" in

24    this case, or the other side will win automatically. To "appear" you must file with the court a legal

25    paper called a "motion" or "answer". The "motion" or "answer" must be filed with the court within

Page 1 of 2- SUMMONS

1  30 days along with the required filing fee.  It must be in proper form and have proof of service on

2  the plaintiff's attorney.

3  If you have any questions, you should see an attorney immediately.  If you need help finding an

4  attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at

5

6  www.oregonstatebar.org or by calling (503) 683-3763 or toll-free in Oregon at (800) 452-7636.

7

8                                                    /s/ Travis Eiva
                                                     EIVA LAW PC
9                                                    101 E. Broadway, Suite 303
                                                     Eugene, OR 97401
10                                                   (541) 636-7480

11
                                                     Travis Eiva, OSB No. 052440
12                                                   Email: travis@eivalaw.com

13                                                   Attorneys for Plaintiff

14

15  SUMMONS
    (For service within the U.S.)
16

17

18

19

20

21

22

23

24

25

26

Page 2 of 2- SUMMONS

## IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF MULTNOMAH

MARY RICHARDS, in her capacity as Personal
Representative for the Estate of JEFFERY
FERRIS, deceased, and in her capacity as
Guardian Ad Litem for CAMERON FERRIS, a
minor,

Plaintiff,

vs.

U-HAUL INTERNATIONAL, INC., a foreign
corporation AMERCO a foreign corporation, and
REPWEST INSURANCE CO., a foreign
corporation,

Defendant.

_____/

Case No. **22CV32560**

CERTIFICATE OF SERVICE

STATE OF ARIZONA
County of Maricopa          ss.

I, Gary J Viscum, hereby certify that I am a competent person 18 years of age or older, a
resident of the State of Arizona and that I am not a party to nor an attorney for any party in the
within named action; that I made service of a true copy of:

*Summons and Complaint; Exhibit 1*

CORPORATE SERVICE - Pursuant to ORCP 7D(3):

Upon **U-HAUL INTERNATIONAL, INC**, by personal service upon Stefan Andrew, who is
a Clerk on Duty in the office of the Registered Agent, CT Corporation System, 3800 N
CentralAvenue, Suite 460, Phoenix, AZ 85012 on October 26, 2022 at 11:54 AM.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this _____2_____ day of _____NOVEMBER_____,20 _22_.

X_____
Gary J Viscum
Nationwide Process Service, Inc.
315 W Mill Plain Blvd, Ste. 206
Vancouver, WA 98660
503-241-0636

*360361*

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MARY RICHARDS, in her capacity as Personal
Representative for the Estate of JEFFERY
FERRIS, deceased, and in her capacity as
Guardian Ad Litem for CAMERON FERRIS, a
minor,

Plaintiff,

vs.

U-HAUL INTERNATIONAL, INC., a foreign
corporation AMERCO a foreign corporation, and
REPWEST INSURANCE CO., a foreign
corporation,

Defendant.

_____/

Case No. **22CV32560**

AFFIDAVIT OF MAILING

STATE OF OREGON
County of Multnomah          ss.

I, Jason Crowe, being first duly sworn, depose and say that I am employed by Nationwide Process
Service, Inc. On October 27, 2022, I mailed a true copy of the Summons and Complaint; Exhibit 1
via First Class Mail, postage pre-paid, together with a statement of the date, time and place at which
service was made, to CT Corporation System.

The envelope was addressed as follows:

    CT Corporation System, Registered Agent
    for U-HAUL INTERNATIONAL, INC
    3800 N Central Avenue, Suite 460
    Phoenix, AZ 85012

I declare under the penalty of perjury that the above statement is true and correct.

SUBSCRIBED AND SWORN BEFORE
ME
this 3RD day of Nov        , 2022
by Jason Crowe.

_____
Notary Public for Oregon

OFFICIAL STAMP
MITCH AARON WIRTH
NOTARY PUBLIC - OREGON
COMMISSION NO. 1024315
MY COMMISSION EXPIRES APRIL 27, 2026

X_____
Jason Crowe
Nationwide Process Service, Inc.
315 W Mill Plain Blvd, Ste. 206
Vancouver, WA 98660
503-241-0636

## FERRIS v. U-HAUL, ETC., ET AL.
### CASE NO. 22CV32560

### CERTIFICATE OF SERVICE

I hereby certify that on this day I served the foregoing **AMENDED COMPLAINT** on:

Gabriel M. Weaver
McDermott Weaver Connelly Clifford
1000 SW Broadway, Suite 960
Portland, OR 97205
503/208-6958
gweaver@mwcc.law

**Attorney for Defendants**

By Email and U.S. Mail

DATED: November 8, 2022

_/s/ Beth Eiva_
Beth Eiva, OSB No. 045490

Page 1 of 1- CERTIFICATE OF SERVICE

1

2          IN THE CIRCUIT COURT OF THE STATE OF OREGON

3              FOR THE COUNTY OF MULTNOMAH

4    MARY RICHARDS, in her capacity as      )   Case No. 22CV32560
     Personal Representative for the Estate of )
5    JEFFERY FERRIS, deceased, and in her   )
     capacity as Guardian Ad Litem for      )   **AMENDED COMPLAINT**
6    CAMERON FERRIS, a minor,               )
                                            )   Action on an Insurance Policy-
7                                           )   UM/UIM Benefits
                    Plaintiffs,             )
8                                           )   Demand for Jury Trial
            v.                              )
9                                           )   (Not Subject to Mandatory
     U-HAUL INTERNATIONAL, INC., a          )   Arbitration)
10   foreign corporation, AMERCO, a         )
     foreign corporation, REPWEST           )   Filing Fee based upon ORS
11   INSURANCE CO., a foreign               )   21.160(1)(e)
     corporation, and U-HAUL CO.            )
12   OREGON, a domestic corporation,        )   Amount in Controversy:  $43,100,000
                                            )
13                  Defendants.

14          Plaintiff alleges:

15                              1.

16          At all times material hereto:

17      a)  Defendant U-Haul International Inc. was a duly organized Arizona
18          corporation who conducts regular and sustained business activities
            of renting, selling, and marketing moving and storage services and
19          vehicles, including but not limited to selling, renting, and
            marketing moving supplies, trucks, trailers and storage units, and
20          the selling of auto insurance in association with those activities.
21
22      b)  Defendant U-Haul Co. of Oregon was a duly organized Oregon
            corporation who conducts regular and sustained business activities
23          in Multnomah County and is in the business of renting, selling,
            and marketing moving and storage services and vehicles,
24          including but not limited to selling, renting, and marketing moving
            supplies, trucks, trailers and storage units, and the selling of auto
25          insurance in association with those activities.
26

Page 1 –AMENDED COMPLAINT

1
2

    c) Hereinafter defendants U-Haul Co. of Oregon and U-Haul International Inc. are jointly referred to as "defendant U-Haul."

3
4
5

    d) Defendant U-Haul in the regular course and scope of its business, provided trucks for rent to persons in Oregon to drive on public roadways and sold auto insurance to customers in relation to the rental of those trucks.

6
7
8

    e) Defendant Amerco was a duly organized Nevada corporation engaged in the business of providing insurance, moving, storage, support, and oversight services for the above activities of defendant U-Haul and its customers.

9
10
11
12
13

    f) Defendant RepWest Insurance Company (hereinafter "RepWest") was a duly organized Arizona corporation that provides insurance and claim handling services for liability and underinsured motorist claims involving U-Haul and Amerco and their customers, including providing general liability, auto liability, and uninsured motorist coverage and claims handling.

14
15
16

    g) Each defendant is vicariously or jointly liable for one another as each defendant acted in concert with, in common enterprise with, in partnership with, and/or as an actual or apparent agent of the other, acting within the course and scope of such agency.

17
18

    h) Defendants U-Haul International Inc., U-Haul Co. of Oregon, Amerco and RepWest Insurance Company hereinafter are jointly referred to as "Defendant Insurance Company."

19
20
21

    i) Defendant Insurance Company acted through unnamed agents and employees, acting within the scope of their agency or employment.

22
23
24

    j) Jeffery Ferris was a citizen of the state of Oregon and was a customer of defendant Insurance Company. In Oregon he rented a moving truck and purchased auto liability insurance from defendant.

25
26

    k) Cameron Ferris was the minor child of Jeffery Ferris and was riding in the U-Haul truck with Jeffery Ferris at the time of the collision described below.

Page 2 –AMENDED COMPLAINT

EIVA LAW
1165 Pearl St.
Eugene, Oregon 97401
(541) 636-7480

1

2      l) Plaintiff Mary Richards has been appointed the Personal
          Representative of the Estate of Jeffery Ferris and also appears as
3          *Guardian Ad Litem* for the minor child Cameron Ferris.

4                          **The Underlying Vehicle Collision**

5
                                          2.
6

7          At all material times, Highway 97 was a paved public highway in Oregon. It runs

8      North-South with a speed limit of 70 mph.

9
                                          3.
10

11         On or about November 18, 2020, Jeffery Ferris drove the U-Haul rental truck

12     southbound on Highway 97, and Cameron was his passenger. Liam Pagel simultaneously

13     drove his vehicle northbound on Highway 97. Pagel negligently left his lane of travel,

14     crossed into the southbound lane, and collided head-on with the U-Haul. Jeffery Ferris was

15     killed in the collision and Cameron suffered severe, life-altering injuries.

16
                                          4.
17

18         Pagel was and is negligent in causing the vehicle collision described in paragraph 3

19     (and therefore liable for all of the damages and losses caused by the collision and described

20     in detail in paragraphs 5 - 6) in one or more of the following ways:

21
           a.      Failing to stay in his lane of travel;
22

23         b.      Failing to maintain a proper lookout; and

24         c.      Failing to maintain control of his vehicle.

25     / / / / /

26

Page 3 –AMENDED COMPLAINT

EIVA LAW
1165 Pearl St.
Eugene, Oregon 97401
(541) 636-7480

5.

As a result of the vehicle collision, Pagel was and is liable for causing the wrongful death of Jeffrey Ferris and all economic and non-economic damages recoverable under ORS 30.020, including lost services, lost income, pecuniary losses to the estate and statutory beneficiaries (his mother, Mary Richards and his son, Cameron Ferris), and charges necessarily incurred for medical, burial and memorial services in an amount of $3,500,000.00 and for non-economic damages arising from Mr. Ferris's pain and suffering in the period between Pagel's negligence and Mr. Ferris's fiery death and the loss of society, and companionship to Mr. Ferris's statutory beneficiaries in an amount of $25,000,000.00.

6.

As a result of the collision, Pagel was and is liable for causing severe injuries to Cameron Ferris, many of which are permanent in nature, including a degloving injury of lower right leg, foraminal stenosis of cervical spine, concussion and brain injuries, lacerations, scarring over the face, arms and legs, human terror of the collision, including being present when his father caught fire and burned to death, trauma, pain and suffering, loss of enjoyment of life, interference with normal activities and distress all to his noneconomic damages of $12,000,000, and in causing Cameron Ferris to incur past and future reasonable and necessary medical, hospital, doctor, therapy, nursing and rehabilitation expenses and lost earning capacity, all to his economic damage in the approximate sum of $2,600,000.

Page 4 –AMENDED COMPLAINT

7.

The motor vehicle driven by Liam Pagel was an uninsured or underinsured motor vehicle as those terms are understood under ORS 742.500 *et seq.* Specifically, Pagel's liability insurance coverage to pay for the above described economic and noneconomic losses was subject to a policy limits of $100,000/$300,000.

8.

At the time of the collision, Jeffery Ferris had purchased an automobile liability policy from defendant Insurance Company at the point of rental purchase. *See* Exhibit 1 (Insurance Policy). Oregon law (ORS 742.500(2) *et seq.*) requires that any such liability insurance must include uninsured and underinsured motorist ("UM/UIM") coverage for Mr. Ferris and his resident relatives, including Cameron Ferris. The insurance seller must pay all damages that the injured insureds would be entitled to collect against the underinsured negligent driver. The amount owed on damages can only be limited by the specific policy limits which are described in a declaration page for the policy. Defendant Insurance Company has declined to set forth the requisite policy limits in a declaration page. Consequently, it must provide uninsured/underinsured UIM coverage benefits to Jeffery and Cameron Ferris up to the total amount of their damages suffered.

9.

All obligations of the insureds, Personal Representative, and Guardian Ad Litem required by the policy sold to Jeffery Ferris by defendant Insurance Company, to receive contractually promised UM/UIM benefits from that policy, have been performed.

Page 5 –AMENDED COMPLAINT

1    Defendant Insurance Company has breached its obligations under the policy by not paying

2    all UM/UIM benefits due for the above-described losses.

3

4    **FIRST CLAIM FOR RELIEF AGAINST DEFENDANT INSURANCE
     COMPANY: BREACH OF CONTRACT FOR UIM BENEFITS FOR THE
5    ESTATE OF JEFFERY FERRIS**

6                                    10.

7        Plaintiff realleges paragraphs 1-9.

8

9                                    11.

10       At all times material, Jeffery Ferris was an insured under the terms of defendant

11   Insurance Company's above-described insurance policy.

12                                   12.

13

14       Plaintiff Estate is contractually entitled to UIM benefits from defendant Insurance

15   Company in an amount he was legally entitled to recover as damages, as described in

16   paragraph 5, from the owner or operator of an underinsured vehicle because of bodily

17   injury sustained by the insured caused by accident and arising out of the use of the

18   underinsured vehicle.

19

20                                   13.

21       Defendant Insurance Company has breached its contractual agreement by not

22   paying the above benefits.

23                                   14.

24

25       Pursuant to ORS 742.061, plaintiff is entitled to their reasonable attorney fees from

26   defendant.

Page 6 –AMENDED COMPLAINT

1

15.

2

Plaintiff is entitled to prejudgment interest beginning no later than May 31, 2022,

3

4

which is at least six months after defendant Insurance Company was put on notice that

5

Liam Pagel was underinsured and during that time defendant Insurance Company, through

6

investigation, inquiry and diligence could have readily ascertained the amount of benefits

7

owed for the wrongful death losses of Jeffery Ferris.

8

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT INSURANCE**
9        **COMPANY:  BREACH OF CONTRACT FOR UIM BENEFITS FOR THE**
10                          **MINOR CHILD CAMERON FERRIS**

11

16.

12

Plaintiff realleges paragraphs 1-9.

13

17.

14

15

At all times material, Cameron Ferris was an insured under the terms of defendant

16

Insurance Company's above-described insurance policy.

17

18.

18

19

Plaintiff GAL for Cameron Ferris is contractually entitled to UIM benefits from

20

defendant Insurance Company in an amount he was legally entitled to recover as damages,

21

as described in paragraphs 6-8, from the owner or operator of an underinsured vehicle

22

because of bodily injury sustained by the insured caused by accident and arising out of the

23

use of the underinsured vehicle.

24

25

/ / / / /

26

/ / / / /

Page 7 –AMENDED COMPLAINT

EIVA LAW
1165 Pearl St.
Eugene, Oregon 97401
(541) 636-7480

19.

Defendant Insurance Company has breached its contractual agreement by not paying the above benefits.

20.

Pursuant to ORS 742.061, plaintiff is entitled to their reasonable attorney fees from defendant.

21.

Plaintiff is entitled to prejudgment interest beginning no later than May 31, 2022, which is at least six months after defendant Insurance Company was put on notice that Liam Pagel was underinsured and during that time defendant Insurance Company, through investigation, inquiry and diligence could have readily ascertained the amount of benefits owed for the losses suffered by the minor child, Cameron Ferris.

* * * * * * * * * * *

WHEREFORE, plaintiffs pray for judgment against defendant Insurance Company in the amount of $43,100,000 or such amount as determined to be appropriate, pre-judgment interest, costs and disbursements and attorney fees under ORS 742.061.

DATED:  November 8, 2022

EIVA LAW

*/s/ Travis Eiva*
Travis Eiva – OSB No. 052440
travis@eivalaw.com

Of Attorneys for Plaintiff
Trial Attorney: Travis Eiva

Page 8 –AMENDED COMPLAINT

## 11. SAFESTOR MOBILE

Safestor Mobile is insurance providing protection, subject to Exclusions, for loss or damage to your goods. Customer agrees to all the benefits and Exclusions, terms and conditions as set forth herein and in the applicable policies. The Exclusions include normal shifting of cargo in transit or while being moved. A complete list of all Exclusions, terms and conditions is available at www.uhaul.com/Files/Documents/UBoxCertificate.pdf

## 12. EDR

I acknowledge that the EQUIPMENT may be equipped with an Event Data Recorder ("EDR") or other recording device. The Company reserves the right to obtain any and all data from the EDR or other recording device for any potentially data producing event. I provide my express authorization and consent for the Company to retrieve any available data from any EDR, or other recording device, from or in my personal vehicle towing any U-Haul EQUIPMENT in the event of an accident or other potentially data producing event. I further agree to cooperate fully with the Company, and assist as necessary, in the retrieval of the above described data.

## 13. SEATBELT USE/TEXTING

I agree that not wearing a seatbelt and or texting while driving is dangerous and in the event of a crash is likely to lead to a serious injury or death. I agree to wear a seatbelt and not text at all times while driving any U-Haul truck or towing any U-Haul Equipment. I agree to ensure that any Authorized Driver and all passengers are also wearing seatbelts. My failure to comply with this paragraph is a material breach of this agreement and may be admissible in any lawsuit or Arbitration against the Company.

**REPORT ALL CLAIMS TO:** Repwest Insurance Co. at:

- uhaulclaims.com
- 1-800-528-7134
- P.O. Box 21748
  Phoenix, AZ 85036-1748



**ROADSIDE ASSISTANCE**

Get Help At
uhaul.com/help

USE FOR A VARIETY OF ASSISTANCE, BREAKDOWNS, ACCIDENTS, OR EQUIPMENT HAS BEEN UNATTENDED FOR MORE THAN 24 HOURS.
1-800-GO-U-HAUL

---

## Need Storage?

### We have Storage that fits your needs.



**5' x 5' Storage Room***
Miscellaneous Storage
(Up to 2 Rooms)

**4' x 8' or 5' x 8' Trailer****

*Perfect for: Storing Extra Items, Twin-Size Mattress, Seasonal Items, Clothing, Books, Bicycles, Records/Files, Business Merchandise, Boxes.*



**5' x 10' Storage Room***
Studio or 1 Bedroom Home
(Up to 1,200 sq.ft.)

**10' or 15' Moving Van****

*Perfect for: Studio or One Bedroom, Queen-Size Mattress, Major Appliances, Furniture, Clothing, Business Merchandise, Bicycles, Boxes.*



**10' x 10' Storage Room***
Up to 2 Bedroom Home
(1,200 - 1,600 sq.ft.)

**20' Moving Van****

*Perfect for: Two Bedrooms, King-Size Mattress, Major Appliances, Furniture, Clothing, Business Merchandise, Boxes.*

**10' x 15' Storage Room***
Up to 3 Bedroom Home
(1,600 - 2,000 sq.ft.)

**20' Moving Van****

*Perfect for: Three Bedrooms, King-Size Mattress, Major Appliances, Furniture, Clothing, Business Merchandise, Boxes.*



**10' x 20' Storage Room***
4 Bedroom Home
or Larger
(2,000 sq.ft. & up)

**26' Moving Van****

*Perfect for: Four Bedrooms, King-Size Mattress, Major Appliances, Furniture, Clothing, Business Merchandise, Boxes.*

### We also have RV, Boat & Vehicle Storage at select locations!

\* Storage room sizes are approximate **Moving Van/Trailer recommended sizes.

**It's not too late!** Visit movinghelp.com to hire helpers to load or unload your truck, trailer or storage room — here or at your destination... *only at* **MovingHelp**



---

### ADDITIONAL TERMS & CONDITIONS FOR EQUIPMENT RENTAL

1. Customer represents and warrants that the rental of the EQUIPMENT is for the sole purpose of Do-It-Yourself moving. Customer agrees that rental of the EQUIPMENT with the intent to use the EQUIPMENT for a purpose other than do-it-yourself moving (or in a manner prohibited by the Rental Contract) may be construed as fraudulent.

2. Customer shall indemnify, defend and hold harmless the Company, its parents, affiliates, and employees, and each of them, against any and all claims, lawsuits and damages (including reasonable attorney fees) resulting from Customer's intentional or criminal acts or from any Violation as set forth below in para. 12.

3. Customer authorizes Company, its affiliates and agents, to contact Customer regarding the Rental Contract at any provided email address or phone number (including by text messages). Customer acknowledges text messaging charges may apply.

4. Customer agrees not to hold Company liable for downtime, materials or any consequential or incidental damages resulting from the use of EQUIPMENT, including failure of the EQUIPMENT to operate properly.

5. Payment for all estimated charges is due at the time of rental by cash or credit card or other method acceptable to Company. Payment for additional charges is due at the completion of rental in the same manner. Customer agrees any charges that cannot be determined or that are not known to Company at the completion of the rental are payable by the Customer immediately upon receipt of an itemized invoice. Customer shall be responsible for any applicable federal, state or municipal compliance obligations, and pay any fees or taxes in conjunction with the rental and/or use of the EQUIPMENT.

6. If Customer check is returned unpaid due to insufficient or uncollected funds, Company may present it electronically. Customer's check will not be provided to Customer with Customer bank statement; however, a copy can be retrieved. Also, Company may have the returned check service fee processed electronically against Customer's account.

7. Customer shall return the EQUIPMENT at the time, to the place, in the condition agreed to, within the allowed mileage stated, and with the same amount of fuel as shown and agreed to on the Rental Contract. Customer agrees that any operation of EQUIPMENT outside of time agreed and allowed mileage stated is without Company consent and additional charges will be assessed (including Safemove®/Safetow®/Safemove Plus® fees). Customer's failure to return the EQUIPMENT as herein agreed will incur damages. Customer expressly authorizes Company to apply any and all additional charges, including lost rental revenue, on the credit card used to pay for the rental or on that credit card used as meaningful assurance.

8. Customer agrees that he/she is responsible for any loss or damage to the EQUIPMENT. Customer agrees that any remaining portion of their estimated charges will be applied toward EQUIPMENT damage or loss when the optional Safemove/Safetow/Safemove Plus or Damage Waiver protection is not purchased. To the extent that damage or loss exceeds any remaining estimated charge amount, Customer expressly authorizes company to apply any and all charges for damages or loss on that credit card used by Customer to pay for the rental of EQUIPMENT or that credit card used as meaningful assurance. Customer further understands that failure to pay for all damages may result in Company, or its assigns, reporting the Customer to one or more credit reporting or collection agencies.

9. The Customer expressly grants Company an equitable lien on any property transported in the EQUIPMENT. Furthermore, as a result of this grant of lien, Customer expressly authorizes Company and Company affiliates and agents to keep the property in the EQUIPMENT or to remove (or have another remove) the property from the EQUIPMENT and place it in a certain storage area, at Customers expense, and keep the property until payment by Customer of all outstanding amounts owed and associated with the EQUIPMENT and/or property removal and/or property storage. Customer acknowledges and agrees that this lien and authorization is necessary to allow Company to secure payment for any outstanding amounts owed and associated with the EQUIPMENT, including additional time, mileage, EQUIPMENT damage or loss, repair charges, and property removal and property storage charges.

10. Customer shall require passengers to ride only in the cab of the Truck, Pick Up Truck, and Van or Vehicle towing any Trailer. Customer shall not, and Customer shall insure that its Authorized Drivers shall not, operate the EQUIPMENT, in the commission of a felony or in an intentional, criminal, willful, wanton or reckless manner. Customer shall not, and Customer shall insure that its Authorized Drivers shall not, operate the EQUIPMENT under the influence of alcohol, drugs, intoxicants or any other substance that can impair driving ability. Customer shall inspect EQUIPMENT periodically. Customer shall not operate EQUIPMENT when oil pressure/level (for Vehicles) is low or when any defect in the operation or safety of the EQUIPMENT has been noticed. Company will reimburse the Customer for oil and other non fuel fluids when proper receipts are presented. Customer acknowledges that he/she is fully responsible for complying with any recall covering a personal tow vehicle.

11. Customers shall not store or transport any firearms or any explosive, flammable, alcoholic, toxic, volatile, poisonous, dangerous or illegal substances or items, regardless of the manner in which it is stored or transported.

12. If Customer or its Authorized Drivers incur any citation, parking violation, moving violation or toll violation (a "Violation") in connection with the rental and/or use of the Equipment, then Customer acknowledges and agrees that Customer will be financially responsible for all fines, charges and surcharges (including toll surcharges) associated with the Violation notwithstanding that the Violation may not have been issued directly to the Customer or Authorized Driver. If the Violation is not issued to the Customer or Authorized Driver and the issuing authority allows for the transfer of liability for a Violation to the Customer, Customer expressly authorizes Company to release Customer information to that authority for the purposes of transferring liability to the Customer. If the issuing authority does not allow for the transfer of liability for a Violation to the Customer, or the parties are unable to successfully transfer liability to the Customer, then the Company, and/or its agent, will pay all fines, charges, and surcharges and recover those amounts from the Customer. Customer agrees that any amounts paid by, or on behalf of, the Company hereunder shall be applied to any Customer-provided credit card if it is able to be charged. Customer agrees that it may be charged up to a $30.00 service fee (in addition to any fines, charges, and surcharges associated with the Violation) as a result of any Violation paid by Company hereunder. Any service fee charged to Customer shall be applied to any Customer-provided credit card if it is able to be charged.

13. Customer shall not take EQUIPMENT into Mexico. This includes temporary border crossings.

14. Customer shall not, whether individually or on behalf of another, use, facilitate or support the use of, the EQUIPMENT or the U-HAUL® trademark, and or the likeness of the same, in any television program, movie, web site or other electronic medium without the prior written consent of a Company Officer. Customer shall not, whether individually or on behalf of another, allow, facilitate or support, the disassembly or dismantling of the EQUIPMENT or a component thereof.

15. The Rental Contract and this Rental Contract addendum may not be changed or altered except in a writing that is signed by a Company Officer.

16. Customer agrees that there is no refund for unused time or mileage.

17. Customer understands that Company may hold any reimbursable ESTIMATED CHARGES for up to 10 days after the rental has been completed.

18. Customer agrees that Company reserves the right to suspend any rental of EQUIPMENT for other Equipment of equal or greater value at no additional charge to the Customer.

UH-5523(BL)  69468023(BM)  ©2018 U-Haul International, Printed in U.S.A.

---



U-HAUL

247

# DO YOU NEED STORAGE HERE

*or*

# AT YOUR DESTINATION?

## No Problem!
*I Can Help!*



**CREATE YOUR U-HAUL® ACCOUNT TODAY!**

✔ 24/7 Rentals and Returns on mobile
✔ Skip the line on any Rental/Return
✔ Make online Storage payments

*Plus More... Go To:*

**uhaul.com/account**


We'll never sell or share your information.

---

## RENTAL CONTRACT ADDENDUM DOCUMENT HOLDER

Additional Terms and Conditions for EQUIPMENT Rental Place Rental Contract documents in this holder & keep available throughout your move.



**READY TO RETURN YOUR EQUIPMENT?**

Returns are now accepted 24/7

**TRUCK SHARE 24/7™**

**RETAIL STORE HOURS:**

| Mon. - Thu.  7:00 a.m. - 7:00 p.m. | Sat.  7:00 a.m. - 7:00 p.m. |
| Fri.  7:00 a.m. - 8:00 p.m. | Sun. 9:00 a.m. - 5:00 p.m. |

These are business hours at corporate stores. Independent dealer locations hours may vary.

1. If returning during Business Hours: follow directional signage at your drop-off destination.

2. If returning outside Business Hours: go to drop-off destination, go to **uhaul.com** on a mobile device, sign in (or create) your account, choose "Return My Truck" option and follow the prompts.



If you are unable to complete the return process, please go to a U-Haul location during retail store hours.

3. Avoid extra charges by adding fuel if needed.

**EZ-FUEL™ OPTIONS:**

1. Self-Refueling: Return truck with the same fuel gauge reading as indicated on the Rental Contract signed by the Customer.

2. EZ-FUEL Service: Let U-Haul refuel at an agreed upon per gallon price plus applicable service fee as both are indicated on the Rental Contract signed by the Customer.

**UNTIL YOUR CONTRACT IS CLOSED, THE FOLLOWING APPLIES:**

**DAMAGE POLICY**
- Customer will be responsible for any loss or damage to EQUIPMENT and Customer's deposit will be applied toward EQUIPMENT damage when optional Safemove®/Safemove Plus®, Safetow® or Damage Waiver is not purchased.

**CLEANING POLICY**
- Customer agrees to pay a cleaning fee if the EQUIPMENT is not returned in as clean of a condition as when it was picked up. The determination as to the condition of the EQUIPMENT shall be made by Company.

Reminder: The Customer is responsible for all damages and/or missing rental EQUIPMENT, parking fines, citations, moving violations and toll violations.

## U-HAUL ARBITRATION AGREEMENT

**Please read carefully. This mandatory agreement affects your rights.**

By commencing or making a reservation to, or agreeing to, purchase retail products or purchase or rent "Equipment" from U-Haul, You agree to the terms and conditions of this U-Haul Arbitration Agreement ("Arb Agreement"). For purposes of this Arb Agreement, the definitions of "Equipment", "U-Haul", "You" and "Claims" (and the complete terms and conditions) are available at www.uhaul.com/arbitration.

**1.** U-Haul and You agree that U-Haul's sales and rentals have an effect on interstate commerce. Therefore, U-Haul and You agree that this Arb Agreement shall be construed and interpreted under the Federal Arbitration Act, 9 U.S.C. Section 1, et. seq.

**2.** U-Haul and You agree that any and all Claims between U-Haul and You relating in any way to your rental or purchase from U-Haul shall be submitted to binding Arbitration before the American Arbitration Association ("AAA") in accordance with AAA Consumer Arbitration Rules (www.adr.org/consumer) and the AAA Commercial Arbitration Rules for Large, Complex Matters (www.adr.org/commercial) (Claims seeking $500,000 or more). AAA Rules are also available at www.uhaul.com/arbitration. Judgment may be entered on the Arbitration award by a Court of competent jurisdiction. You and U-Haul agree that Claims submitted to Arbitration shall be decided in a single arbitration before a single Arbitrator who must be on the AAA National Roster of Commercial Arbitrators and selected in accordance with the AAA Rules. Arbitration is more informal than a lawsuit in court. Arbitration uses a neutral arbitrator instead of a judge or jury, allows for more limited discovery than in court, and is subject to very limited review by courts. Arbitrators have the authority to award the same damages and relief that a court can award.

**3. U-HAUL AND YOU AGREE THAT CLAIMS MAY ONLY BE BROUGHT IN AN INDIVIDUAL CAPACITY AND IN THE NAME OF AN INDIVIDUAL PERSON OR ENTITY AND THAT CLAIMS MUST PROCEED ON AN INDIVIDUAL AND NON-CLASS AND NON-REPRESENTATIVE BASIS. U-HAUL AND YOU AGREE THAT CLAIMS OF TWO OR MORE PERSONS MAY NOT BE JOINED OR CONSOLIDATED IN THE SAME ARBITRATION UNLESS ARISING FROM THE SAME TRANSACTION. FURTHERMORE, U-HAUL AND YOU AGREE THAT NEITHER YOU NOR U-HAUL MAY PURSUE THE CLAIMS IN ARBITRATION AS A CLASS ACTION OR PRIVATE ATTORNEY GENERAL ACTION OR OTHER REPRESENTATIVE ACTION NOR MAY CLAIMS BE PURSUED ON EITHER OF OUR BEHALF IN ANY COURT, INCLUDING ASSIGNED CLAIMS. THE ARBITRATOR SHALL HAVE THE AUTHORITY TO AWARD RELIEF ONLY ON AN INDIVIDUAL AND NON-CLASS AND NON-REPRESENTATIVE BASIS.**

**4.** You acknowledge and agree that You voluntarily and knowingly entered into this Arbitration Agreement, which waives your right to file a lawsuit in court (except for small claims), and chose to rent or purchase from U-Haul rather than one of its competitors who may not have an arbitration agreement.

This Agreement is between the Customer (defined as the individual(s) signing the individual rental contract and/or paying for the rental of the EQUIPMENT) ("Customer", "I", "Me" or "My") and the local "U-Haul" Marketing Company where the Agreement is entered into or an independent U-Haul Marketing Company dealer ("Company"). These terms and conditions, the terms and conditions of the individual rental contract signed by the Customer, including the above U-Haul Arbitration Agreement, together constitute the entire Agreement ("This Agreement" or "Rental Agreement" or "Rental Contract") for the rental of that equipment identified on the individual rental contract ("EQUIPMENT"; and where necessary EQUIPMENT may be further specified as a "U-Haul Rental Truck", "Trailer", "Auto Transport", "Tow Dolly", "Pick Up Truck", "U-Box Container", "Van" or "Dolly"), including all of its parts. I, the Customer, agree to all terms and conditions of this Agreement.

### 1. VEHICLE

I understand that I do not own the EQUIPMENT. The EQUIPMENT is defined as that listed on the individual Rental Contract signed by the Customer. No one other than the Company may transfer the EQUIPMENT or any rights or obligations under this Agreement. Any attempted transfer or sublease by

anyone other than the Company is void. No one may service or repair EQUIPMENT without the Company's prior express approval. THE COMPANY MAKES NO EXPRESS OR IMPLIED WARRANTIES OR REPRESENTATIONS, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR THAT THE EQUIPMENT IS FIT FOR ANY PARTICULAR PURPOSE.

### 2. AUTHORIZED DRIVERS

An Authorized Driver, for purposes of this Agreement, is: 1) any Customer that possesses a driver's license, driver's privilege card, or other government issued driver's card and is 18 years of age or older (or 16 years of age or older for EQUIPMENT with no motor); or 2) any other individual that has Customer's express permission to operate the EQUIPMENT and that is 18 years of age or older (or 16 years of age or older for EQUIPMENT with no motor) and possesses a driver's license (driver's privilege card or other government issued driver's card).

### 3. LIABILITY PROTECTION

An automobile liability insurance policy or a qualified self-insurance arrangement provides the Authorized Driver with the minimum limits required by the automobile financial responsibility or compulsory insurance law of the jurisdiction in which the accident occurs. The protection provided by the Company is excess or secondary to any insurance coverage of the Customer or an Authorized Driver. If the liability protection provided under this Agreement and other insurance available to the Authorized Driver apply to a loss on the same basis, the Company will pay only the Company's share. The Company's share is the proportion that the limit of protection provided under this Agreement bears to the total limit of all insurance applicable to such loss. To the extent permitted by applicable law, the Company's protection does not apply to bodily injury (including death) or property damage to any Authorized Driver or the Authorized Driver's family members related by blood, marriage or adoption who reside with the Authorized Driver, or to any other person who resides with the Authorized Driver.

I understand that this protection does not apply to: any intentional torts or criminal acts; any false or fraudulent claims; any obligation assumed by an Authorized Driver under any contract; any fines, penalties, punitive damages or exemplary damages which an Authorized Driver may become legally obligated to pay; injury to or destruction of personal property owned by or in the possession, custody or control of an Authorized Driver or passengers; any liability of a driver who is not an Authorized Driver and any liability for an accident which occurs while the EQUIPMENT is obtained or used in violation of this Agreement. In the event that the liability protection is extended by operation of law to anyone who is not an Authorized Driver, the limits of protection shall be those minimum limits required by the automobile financial responsibility or compulsory insurance laws of the jurisdiction in which the accident occurs. This liability protection will apply on the same basis as described previously in this paragraph. I understand this protection does not apply to any act or omission in Mexico.

Any protection provided in this section is limited to the duration of the Rental Contract as set forth in the individual rental contract signed by the Customer. I and all Authorized Drivers will indemnify and hold the Company, its agents, employees, parent and affiliates harmless from and against any and all loss, liability, claim, demand, cause of action, attorney's fees and expense of any kind (a "loss") in excess of the limits stated herein or beyond the scope of the protection provided for herein, if any, arising from the use or possession of the EQUIPMENT by Me or any Authorized Drivers, including but not limited to attorney's fees incurred by the Company to enforce any of its rights hereunder.

**COMPANY RIGHT TO DEFEND**

The Company has no duty to defend lawsuits not covered by this liability protection. To the extent permitted by applicable law, the Company has no duty to defend any Authorized Driver in any claim or lawsuit arising out of any acts prohibited by this Agreement. I understand that if a claim is made or a lawsuit is filed under the terms of this Agreement, and if no other source of defense is available to the Authorized Driver, the Company may defend the claim or lawsuit at its sole discretion. In defending the claim or lawsuit, the Company may, at its sole discretion, make any settlements which the Company considers advisable. Company has a right, but not a duty, to defend a claim or lawsuit at its sole discretion. Company has the exclusive right to hire, retain and direct its counsel of choice, if and when Company defends a claim or lawsuit hereunder.

**MY DUTY TO COOPERATE**

In the event of an accident the Customer and/or any Authorized Driver is required to provide notice of the accident as soon as possible. Notice shall be provided to Repwest Insurance Company at www.uhaulclaims.com or 1-800-528-7134.

I also agree to fully cooperate with the Company in investigating and/or defending any claim or lawsuit. The failure to cooperate will void any protection provided herein, subject to applicable law. In the event of an accident the Customer and/or all Authorized Drivers agree to provide the Company with the name of their insurance company and

also agree to fully cooperate with the Company in the presentation of claims, in any other aspect of the claims process and report the accident to the Customer and/or Authorized Driver's insurance company. The Customer and/or Authorized driver shall, as often as may reasonably be required, present to any person designated by the Company for an examination under oath to assist in the investigation and timely disposition of Your claim or claim(s) or the potential claim(s) of any third-party. The presentation of the requested examination under oath is material to the decision to enter into this contract and the failure to comply with this provision may void any coverage hereunder. This section applies to any protection provided or purchased under this Agreement.

### 4. NO-FAULT BENEFITS & UNINSURED/UNDERINSURED MOTORIST PROTECTION

Unless required by applicable law, the Company does not provide no-fault benefits, supplemental no-fault benefits, personal injury protection, UNINSURED/UNDERINSURED PROTECTION or other insurance, coverage or protection that could be waived or rejected, and Customer specifically waives and rejects all such benefits, protection, coverage and insurance. To the extent required by applicable law, the Company provides no-fault and/or UNINSURED/UNDERINSURED PROTECTION to Authorized Drivers and passengers, limited as follows: the Company's no-fault and/ or UNINSURED/UNDERINSURED PROTECTION does not apply until after exhaustion of all other no-fault insurance and/or other protection available to the Authorized Driver and/or passenger(s) (no-fault, supplemental no-fault, personal injury protection, employer's insurance and/or any other protection or indemnification, whether primary, excess or concurrent), and then the Company's protection applies to the extent it is needed to meet, on a cumulative basis with all such other insurance and/or protection available to the Authorized Driver and/or passenger(s), the minimum benefits required by applicable law. To the extent applicable law requires that Company provide no-fault or UNINSURED/UNDERINSURED PROTECTION/benefits other than as described above, they will not exceed the minimum benefits required by such law. In the event of coverage, Your duty to cooperate and the obligations set forth in section 3 "My Duty to Cooperate" applies.

### 5. SAFEMOVE and/or SAFETOW PROTECTION

The provisions in this section apply to Safemove and/or Safetow Protection. These protections are NOT LIABILITY INSURANCE. These protections are OPTIONAL AND APPLIES ONLY TO CARGO in the following U-Haul Rental Equipment: Truck (Safemove); Trailer (Safetow), Auto Transport (Safetow), and Tow Dolly (Safetow).

**DEFINITIONS:** Accident: An occurrence involving the U-Haul Rental Truck (Safemove) operating on a highway or other recognized roadway, parking lot or driveway resulting in bodily injury to a person, who as a result of the injury, receives medical treatment away from the scene of the accident; or one or more vehicles incurring disabling damage as a result of the accident. The term Accident does not include: An occurrence involving only getting in or out of the U-Haul Rental Truck; or an occurrence involving only the loading or unloading of cargo (Safemove and Safetow) or vehicle-in-tow (Safetow only).

**EXCLUSIONS:** Safemove and Safetow does not cover: (a) Theft, burglary or robbery of cargo, the vehicle-in-tow, or personal contents in the vehicle-in-tow or towed Trailer/ Tow Dolly; (b) water damage; (c) damage resulting from intentional or criminal acts or willful or wanton or reckless acts; (d) damage resulting from improper packing/loading or shifting of cargo; (e) charges for loss of income; (f) any consequential damages; (g) loss or damage during loading and unloading; (h) the following types of cargo are also not covered: currency, furs, antiques, securities, money, notes, jewelry, artwork, animals, motor vehicles or contraband; (i) bodily injury or death of any person not within the cab or passenger seat of the Truck or tow vehicle at the time of the Accident; (j) off-road use; (k) damage caused while the driver or passengers were using any drugs or alcohol; (l) damage to the equipment resulting from overloading, improper loading or failure to secure the load; (m) mechanical damage, including damage to the transmission or drivetrain to the vehicle-in-tow is not covered unless the damage is the result of an Accident. There is no protection for death or injury resulting from: intoxicants, drugs, narcotics, intentional, criminal, willful, wanton or reckless acts, racing of any

**1. YOU MUST PLACE TRUCK/TRAILER DISPATCHING VALIDATION TAG HERE.**

**2. YOU MUST PLACE SRI/ADDITIONAL EQUIPMENT DISPATCHING VALIDATION TAG HERE.**

**INSERT RENTAL CONTRACT, USER'S GUIDE AND MISC. PAMPHLETS HERE.**

type or if there is no valid contract or current rental contract. All Exclusions to U-Haul Equipment in paragraph 8 "Damage Waiver" apply to these Coverages.

**MEDICAL AND LIFE PROTECTION:** Customer and Passengers are provided with medical and life protection, as a result of an Accident. Passenger protection applies only while they are riding in the cab area of the Truck (for Safemove) or passenger area of the towing vehicle (for Safetow).

| Protection Limits: | Safemove | Safetow |
|---|---|---|
| Customer Loss of Life | $25,000 | $10,000 |
| Passenger Loss of Life | $15,000 | $ 5,000 |
| Customer/Passenger Medical | $ 1,000 | $ 500 |

**VALUATION:** In case of loss or damage, the Company shall not be liable for more than the actual cash value of the property at the time of the loss or damage occurs. The loss or damage shall be ascertained or estimated according to the actual cash value and shall in no event exceed the cost to repair or replace the same with material of like kind and quality.

### 6. SAFEMOVE PROTECTION

Cargo Protection covering damage to the Customer's Cargo During Transportation and resulting from collision, fire and overturn of the truck with the following limits:

| Protection Limits: | Truck |
|---|---|
| One-way rental | $25,000 |
| In-town rental | $15,000 |
| Deductible | $ 100 |

**DEFINITION:** (in addition to the one in paragraph 5):

During Transportation- The time the cargo is in the U-Haul Rental Truck.

### 7. SAFETOW PROTECTION

Safetow provides protection for Customer's vehicle being towed, personal contents in the towed vehicle and contents in the towed U-Haul trailer During Transportation. There is no protection for the towing vehicle. Safetow protection provides a limit of $20,000 (depending on the amount of protection purchased) for damage or loss that occurs to Customer's vehicle-in-tow when towed with a Company Auto Transport ("AT"), Tow Dolly ("TD") or Motorcycle Trailer ("MT"), or damage or loss that occurs to Customer's contents in a towed U-Haul trailer. Safetow protection provides a maximum of $500 protection for personal contents in the vehicle-in-tow. There is a $100 deductible per occurrence.

**DEFINITIONS:** Vehicle-in-Tow- That vehicle attached to the U-Haul AT, MT or TD. This includes a motorcycle on a U-Haul MT or attached to a U-Haul Trailer using a U-Haul Motorcycle Towing Kit.

Tow Vehicle- Any U-Haul Equipment or other Customer operated vehicle used to tow any U-Haul towable Equipment. There is no coverage for damage to any Tow Vehicle under the Safetow coverage.

Cargo- Includes the vehicle-in-tow, personal contents in the vehicle-in-tow and contents in the towed U-Haul trailer.

During Transportation- The time the cargo is in the U-Haul Trailer or the vehicle-in-tow is loaded on the U-Haul Trailer, AT or TD.

### 8. DAMAGE WAIVER- THIS IS NOT INSURANCE. THIS IS OPTIONAL.

Customer acknowledges and agrees that he/she is responsible for the total amount of Damages to the EQUIPMENT or Pick Up Truck or Van. "Damages" as used herein and subject to applicable law, will include the following: a.) any and all damage or loss related to the EQUIPMENT or Pick Up Truck or Van, up to their full replacement value; b.) applicable towing, storage and impound fees; c.) applicable administrative fees; d.) loss of rental revenue. HOWEVER, in return for paying the applicable Safemove, Safemove Plus or Safetow fee or separate Damage Waiver fee for Pick Up Trucks and Vans, the Company will waive Damages to the EQUIPMENT, Pick Up Truck or Van resulting from collision "collision" as used herein is specifically subject to the exclusions listed below), upset, overturn or fire. There is a $150 deductible for any occurrence in the state of New York.

**EXCLUSIONS:** Even if the applicable fee has been paid and subject to any limitations imposed by applicable law, this Damage Waiver specifically excludes and does

NOT apply to Damages resulting from the following: (a) intentional or criminal or willful or wanton or reckless acts; (b) misuse or abuse of the EQUIPMENT, Pick Up Truck or Van; (c) collision with an overhead object (including but not limited to overhangs, trees, overpasses, garages, parking structures); (d) collision with a bridge; (e) off-road use; (f) cut, blown or damaged tires; (g) any damage resulting from improper fuel; (h) overload of the EQUIPMENT, Pick Up Truck or Van beyond the GVWR; (i) improper loading or failure to secure a load; (j) use of the EQUIPMENT, Pick Up Truck or Van by someone other than the Customer or Authorized Driver; (k) any failures to comply with the terms of this Agreement.

CUSTOMERS THAT CHOOSE NOT TO PURCHASE THE SAFEMOVE OR SAFETOW OR SAFEMOVE PLUS PROTECTIONS OR SEPARATE DAMAGE WAIVER ARE RESPONSIBLE FOR ALL DAMAGES TO THAT EQUIPMENT, PICK UP TRUCK OR VAN INCLUDING AND UP TO ITS FULL REPLACEMENT VALUE.

**NOTICE:** Customer agrees to notify the Company of any accident regardless of severity or fault. Furthermore, Customer agrees to cooperate with the Company into the investigation of any accident. The Damage Waiver is included with the Safemove, Safetow and Safemove Plus.

### 9. SAFEMOVE PLUS/SAFESTOR MOBILE PROTECTIONS

The provisions in this section are common to each Protection above. These protections are INSURANCE. These protections are OPTIONAL. Customer agrees to all the benefits and exclusions, terms and conditions as set forth herein and in the applicable policies which are available at www.uhaul.com.

### 10. SAFEMOVE PLUS PROTECTIONS

Safemove Plus is third-party additional liability protection. Safemove Plus protection includes Safemove Protection. Safemove protection and exclusions set forth in paragraph 5 above apply to the Safemove Plus protection with the exception of: exclusions (c)-(d) in paragraph 8 above; damage to tires are covered unless due to off-road use.

**COMPANY RIGHT TO DEFEND:** The Company's duty to defend is set forth in paragraph 3 above and applies to Safemove Plus protection. NO-FAULT BENEFITS: No-fault benefits, if any, are set forth in paragraph 4 above and apply to the Safemove Plus protection.

**UNINSURED/UNDERINSURED MOTORIST PROTECTION:** Uninsured/Underinsured motorist protection benefits, if any, are set forth in paragraph 4 above and apply to the Safemove Plus protection.

**EXAMINATION UNDER OATH:** In addition to the Duty to Cooperate set forth in paragraph 3 above, and in the event Company assigns You an attorney for Your defense, upon reasonable notice served to Your attorney, You agree to make Yourself available to any person designated by the Company for an examination under oath.

**INFORMATION PROVIDED TO COMPANY:** In order for You to rent Equipment from Company, you acknowledge that You, and any Authorized Driver, are only using the Equipment for Do-it-Yourself moving, and that Your agreement to do so is material to the Company's decision to provide the Safemove Plus Protection. Your failure to use the Equipment solely for Do-it-Yourself moving may void any coverage and protection. You may also be asked to provide certain required information and answer certain questions. The information and answers, and Your providing honest and truthful information, is material to the Company agreeing to provide You this coverage and protection. Your failure to provide honest answers to these questions may void any coverage and protection.



1
2
3
4

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR
MULTNOMAH COUNTY

5
6
7
8

MARY RICHARDS, in her capacity as
Personal Representative for the Estate of
JEFFERY FERRIS, deceased, and in her
capacity as Guardian Ad Litem for
CAMERON FERRIS, a minor

9

Plaintiffs,

vs.

10
11
12
13
14

U-HAUL INTERNATIONAL, INC., a
foreign corporation, AMERCO, a foreign
corporation, REPWEST INSURANCE CO.,
a foreign corporation, and U-HAUL CO. OF
OREGON, a domestic corporation,

Defendants.

Case No. 22CV32560

**NOTICE OF INTENT TO TAKE
DEFAULT AGAINST DEFENDANTS
AMERCO AND REPWEST
INSURANCE CO.**

15
16

TO DEFENDANTS AMERCO AND REPWEST INSURANCE CO., AND TO THEIR
ATTORNEY OF RECORD:

17
18
19
20
21

Gabriel M. Weaver
McDermott Weaver Connelly Clifford
1000 SW Broadway, Suite 960
Portland, OR 97205
503/208-6958
gweaver@mwcc.law

22
23
24

PLEASE TAKE NOTICE that Plaintiffs shall make application to the Court for an

Order of Default against Defendants in this case by way of motion on December 5, 2022.

25

This notice is given pursuant to ORCP 69A.

26

/ / / / /

Page 1 of 2- NOTICE OF INTENT TO TAKE DEFAULT AGAINST DEFENDANTS AMERCO &
REPWEST

Eiva Law
1165 Pearl Street
Eugene, OR 97401
541-636-7480

1  DATED:  November 23, 2022

2                                                    /s/ Travis Eiva
                                                     EIVA LAW
3                                                    Travis Eiva, OSB No. 052440
                                                     travis@eivalaw.com
4
                                                     Attorney for Plaintiff
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 of 2- NOTICE OF INTENT TO TAKE DEFAULT AGAINST DEFENDANTS AMERCO &
REPWEST

1

## <u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on this day I served the foregoing **NOTICE OF INTENT TO**

3  **TAKE DEFAULT AGAINST DEFENDANTS AMERCO AND REPWEST**

4  **INSURANCE CO.** on:

5

6          Gabriel M. Weaver
          McDermott Weaver Connelly Clifford
7          1000 SW Broadway, Suite 960
          Portland, OR 97205
8          503/208-6958
          gweaver@mwcc.law
9

10          **Attorney for Defendants**

11

12  By Email and U.S. Mail

13

14  DATED: November 23, 2022

                                    */s/ Travis Eiva*
15                                    Travis Eiva, OSB No. 052440

16

17

18

19

20

21

22

23

24

25

26

Page 1 of 1- CERTIFICATE OF SERVICE

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR
MULTNOMAH COUNTY

| | |
|---|---|
| MARY RICHARDS, in her capacity as Personal Representative for the Estate of JEFFERY FERRIS, deceased, and in her capacity as Guardian Ad Litem for CAMERON FERRIS, a minor | Case No. 22CV32560 <br><br> **SUMMONS** |
| Plaintiff, <br> vs. | |
| U-HAUL INTERNATIONAL, INC., a foreign corporation AMERCO a foreign corporation, and REPWEST INSURANCE CO., a foreign corporation, | |
| Defendants. | |

**TO:   U-HAUL CO. OF OREGON**
**c/o Registered Agent**
**CT CORPORATION SYSTEM**
**780 Commercial Street SE, Suite 100**
**Salem, OR 97301**

**IN THE NAME OF THE STATE OF OREGON:** You are hereby required to appear and answer

the Complaint filed against you in the above-entitled cause within 30 days from the date of service

of this summons upon you, and if you fail so to answer, for want thereof, the plaintiff will apply to

the court for the relief demanded therein.

**NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY!** You must "appear" in

this case, or the other side will win automatically.  To "appear" you must file with the court a legal

paper called a "motion" or "answer".  The "motion" or "answer" must be filed with the court within

Page 1 of 2- SUMMONS

30 days along with the required filing fee.  It must be in proper form and have proof of service on the plaintiff's attorney.

If you have any questions, you should see an attorney immediately.  If you need help finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 683-3763 or toll-free in Oregon at (800) 452-7636.

/s/ *Travis Eiva*
EIVA LAW PC
101 E. Broadway, Suite 303
Eugene, OR 97401
(541) 636-7480

Travis Eiva, OSB No. 052440
travis@eivalaw.com

Attorneys for Plaintiff

SUMMONS
(For service within the U.S.)

Page 2 of 2- SUMMONS

Eiva Law
1165 Pearl Street
Eugene, OR 97401
541-636-7480

11/23/2022 9:50 AM
22CV32560

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MARY RICHARDS, in her capacity as Personal
Representative for the Estate of JEFFERY
FERRIS, deceased, and in her capacity as
Guardian Ad Litem for CAMERON FERRIS, a
minor,

          Plaintiff,

  vs.

U-HAUL INTERNATIONAL, INC.; AMERCO;
REPWEST INSURANCE CO.; and U-HAUL
CO. OF OREGON,

          Defendant.

Case No. **22CV32560**

AFFIDAVIT OF MAILING

STATE OF OREGON
County of Multnomah       ss.

I, Jason Crowe, being first duly sworn, depose and say that I am employed by Nationwide Process
Service, Inc. On November 08, 2022, I mailed a true copy of the Summons; Amended Complaint;
Exhibit 1 via First Class Mail, postage pre-paid, together with a statement of the date, time and place
at which service was made, to CT Corporation System.

The envelope was addressed as follows:

        CT Corporation System, Registered Agent
        for U-HAUL CO. OF OREGON
        780 Commercial St. SE Ste 100
        Salem, OR 97301

I declare under the penalty of perjury that the above statement is true and correct.

SUBSCRIBED AND SWORN BEFORE ME
this _8__ day of _November_, 20 _22_
by Jason Crowe.

_____
Notary Public for Oregon

OFFICIAL STAMP
MITCH AARON WIRTH
NOTARY PUBLIC - OREGON
COMMISSION NO. 1084010
MY COMMISSION EXPIRES APRIL 27, 2026

X_____
Jason Crowe
Nationwide Process Service, Inc.
315 W Mill Plain Blvd, Ste. 206
Vancouver, WA 98660
503-241-0636

11/23/2022 9:50 AM
22CV32560

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MARY RICHARDS, in her capacity as Personal
Representative for the Estate of JEFFERY
FERRIS, deceased, and in her capacity as
Guardian Ad Litem for CAMERON FERRIS, a
minor,

        Plaintiff,

vs.

U-HAUL INTERNATIONAL, INC.; AMERCO;
REPWEST INSURANCE CO.; and U-HAUL
CO. OF OREGON,

        Defendant.

Case No. **22CV32560**

CERTIFICATE OF SERVICE

STATE OF OREGON
County of Marion        ss.

I, Julie Field, hereby certify that I am a competent person 18 years of age or older, a resident
of the State of Oregon and that I am not a party to nor an attorney for any party in the within
named action; that I made service of a true copy of:

      *Summons; Amended Complaint; Exhibit 1*

CORPORATE SERVICE - Pursuant to ORCP 7D(3):

Upon **U-HAUL CO. OF OREGON**, by personal service upon Eden Titus, who is a clerk on
duty in the office of the Registered Agent, CT Corporation System, 780 Commercial St. SE
Ste 100,Salem, OR 97301 on November 08, 2022 at 11:23 AM.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this _15th_ day of _Nov_ ,20 22.

          X _Julie Field_
          Julie Field
          Nationwide Process Service, Inc.
          315 W Mill Plain Blvd, Ste. 206
          Vancouver, WA 98660
          503-241-0636

*360521*

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MARY RICHARDS, in her capacity as Personal Representative for the Estate of JEFFERY FERRIS, deceased, and in her capacity as Guardian Ad Litem for CAMERON FERRIS, a minor,<br><br>        Plaintiffs,<br><br>    v.<br><br>U-HAUL INTERNATIONAL, INC., a foreign corporation, AMERCO, a foreign corporation, REPWEST INSURANCE CO., a foreign corporation, U-HAUL CO. OF OREGON, a domestic corporation, and U-HAUL CO. OF WASHINGTON, a domestic corporation,<br><br>        Defendants. | Case No. 22CV32560<br><br>**SECOND AMENDED COMPLAINT**<br><br>Action on an Insurance Policy- UM/UIM Benefits<br><br>Demand for Jury Trial<br><br>(Not Subject to Mandatory Arbitration)<br><br>Filing Fee based upon ORS 21.160(1)(e)<br><br>Amount in Controversy: $43,100,000 |

Plaintiff alleges:

1.

At all times material hereto:

    a) Defendant U-Haul International Inc. was a duly organized Arizona corporation who conducts regular and sustained business activities of renting, selling, and marketing moving and storage services and vehicles, including but not limited to selling, renting, and marketing moving supplies, trucks, trailers and storage units, and the selling of auto insurance in association with those activities.

    b) Defendants U-Haul Co. of Oregon and U-Haul Co. of Washington were duly organized Oregon and Washington corporations, respectively, and U-Haul Co. of Oregon conducts regular and sustained business activities in Multnomah County. Both defendants are in the business of renting, selling, and marketing moving and storage services and vehicles, including but not

Page 1 – SECOND AMENDED COMPLAINT

Eiva Law
1165 Pearl St.
Eugene, Oregon 97401
(541) 636-7480

limited to selling, renting, and marketing moving supplies, trucks, trailers and storage units, and the selling of auto insurance in association with those activities.

c) Hereinafter defendants U-Haul Co. of Oregon, U-Haul Co. of Washington, and U-Haul International Inc., are jointly referred to as "defendant U-Haul."

d) Defendant U-Haul in the regular course and scope of its business, provided trucks for rent to persons in Oregon to drive on public roadways and sold auto insurance to customers in relation to the rental of those trucks.

e) Defendant Amerco was a duly organized Nevada corporation engaged in the business of providing insurance, moving, storage, support, and oversight services for the above activities of defendant U-Haul and its customers.

f) Defendant RepWest Insurance Company (hereinafter "RepWest") was a duly organized Arizona corporation that provides insurance and claim handling services for liability and underinsured motorist claims involving U-Haul and Amerco and their customers, including providing general liability, auto liability, and uninsured motorist coverage and claims handling.

g) Each defendant is vicariously or jointly liable for one another as each defendant acted in concert with, in common enterprise with, in partnership with, and/or as an actual or apparent agent of the other, acting within the course and scope of such agency.

h) Defendants U-Haul International Inc., U-Haul Co. of Oregon, U-Haul Co. of Washington, Amerco, and RepWest Insurance Company hereinafter are jointly referred to as "Defendant Insurance Company."

i) Defendant Insurance Company acted through unnamed agents and employees, acting within the scope of their agency or employment.

j) Jeffery Ferris was a citizen of the State of Oregon and was an authorized driver of a truck rented from defendant U-Haul and

Page 2 –SECOND AMENDED COMPLAINT

EIVA LAW
1165 Pearl St.
Eugene, Oregon 97401
(541) 636-7480

insured by defendant Insurance Company under one or more insurance policies and, as such, he is and was a beneficiary of certain insurance benefits under such insurance policies.

k) Cameron Ferris was the minor child of Jeffery Ferris and was a passenger riding in the U-Haul truck with Jeffery Ferris at the time of the collision described below, and therefore he is an insured and was a beneficiary of certain insurance benefits under the above-described insurance policies.

l) Plaintiff Mary Richards has been appointed the Personal Representative of the Estate of Jeffery Ferris and also appears as *Guardian Ad Litem* for the minor child Cameron Ferris.

**The Underlying Vehicle Collision**

2.

At all material times, Highway 97 was a paved public highway in Oregon. It runs North-South with a speed limit of 70 mph.

3.

On or about November 18, 2020, Jeffery Ferris drove the U-Haul rental truck southbound on Highway 97, and Cameron was his passenger. Liam Pagel simultaneously drove his vehicle northbound on Highway 97. Pagel negligently left his lane of travel, crossed into the southbound lane, and collided head-on with the U-Haul. Jeffery Ferris was killed in the collision and Cameron suffered severe, life-altering injuries.

4.

Pagel was and is negligent in causing the vehicle collision described in paragraph 3 (and therefore liable for all of the damages and losses caused by the collision and described in detail in paragraphs 5 - 6) in one or more of the following ways:

Page 3 –SECOND AMENDED COMPLAINT

a.    Failing to stay in his lane of travel;

b.    Failing to maintain a proper lookout; and

c.    Failing to maintain control of his vehicle.

5.

As a result of the vehicle collision, Pagel was and is liable for causing the wrongful death of Jeffrey Ferris and all economic and non-economic damages recoverable under ORS 30.020, including lost services, lost income, pecuniary losses to the estate and statutory beneficiaries (his mother, Mary Richards and his son, Cameron Ferris), and charges necessarily incurred for medical, burial and memorial services in an amount of $3,500,000.00 and for non-economic damages arising from Mr. Ferris's pain and suffering in the period between Pagel's negligence and Mr. Ferris's fiery death and the loss of society, and companionship to Mr. Ferris's statutory beneficiaries in an amount of $25,000,000.00.

6.

As a result of the collision, Pagel was and is liable for causing severe injuries to Cameron Ferris, many of which are permanent in nature, including a degloving injury of lower right leg, foraminal stenosis of cervical spine, concussion and brain injuries, lacerations, scarring over the face, arms and legs, human terror of the collision, including being present when his father caught fire and burned to death, trauma, pain and suffering, loss of enjoyment of life, interference with normal activities and distress all to his noneconomic damages of $12,000,000, and in causing Cameron Ferris to incur past and

Page 4 –SECOND AMENDED COMPLAINT

future reasonable and necessary medical, hospital, doctor, therapy, nursing and rehabilitation expenses and lost earning capacity, all to his economic damage in the approximate sum of $2,600,000.

7.

The motor vehicle driven by Liam Pagel was an uninsured or underinsured motor vehicle as those terms are understood under ORS 742.500 *et seq.* Specifically, Pagel's liability insurance coverage to pay for the above described economic and noneconomic losses was subject to a policy limits of $100,000/$300,000.

8.

At the time of the collision, defendant Insurance Company provided and/or held one or more automobile liability insurance policies on the vehicle, which also included underinsured motorist benefits ("UIM") for which Jeffrey Ferris and Camerson Ferris would be considered "insureds." Pursuant to those policies, defendant insurance company must pay all damages that the injured insureds would be entitled to collect against the underinsured negligent driver. Consequently, it must provide UIM coverage benefits to Jeffery and Cameron Ferris up to the total amount of their damages suffered.

9.

All obligations of the insureds, Personal Representative, and Guardian Ad Litem required by the policy sold to Jeffery Ferris by defendant Insurance Company, to receive contractually promised UM/UIM benefits from that policy, have been performed. Defendant Insurance Company has breached its obligations under the policy by not paying

Page 5 –SECOND AMENDED COMPLAINT

1    all UM/UIM benefits due for the above-described losses.

2                                    10.

3

4        When defendant Insurance Company was notified about the injuries to the insureds,

5    it denied that any UIM benefits were available for the collision.

6    **FIRST CLAIM FOR RELIEF AGAINST DEFENDANT INSURANCE**

7    **COMPANY:  BREACH OF CONTRACT FOR UIM BENEFITS FOR THE**
     **ESTATE OF JEFFERY FERRIS**

8

9                                    11.

10       Plaintiff realleges paragraphs 1-10.

11                                   12.

12       At all times material, Jeffery Ferris was an insured under the terms of defendant

13

14   Insurance Company's above-described insurance policies.

15                                   13.

16        Plaintiff Estate is contractually entitled to UIM benefits from defendant Insurance

17   Company in an amount he was legally entitled to recover as damages, as described in

18

19   paragraph 5, from the owner or operator of an underinsured vehicle because of bodily

20   injury sustained by the insured caused by accident and arising out of the use of the

21   underinsured vehicle.

22                                   14.

23

24       Defendant Insurance Company has breached its contractual agreement by denying

25   the existence of UIM benefits to Jeffrey Ferris under the above insurance policies.

26   / / / / /

Page 6 –SECOND AMENDED COMPLAINT

15.

Pursuant to ORS 742.061, plaintiff is entitled to their reasonable attorney fees from defendant.

16.

Plaintiff is entitled to prejudgment interest beginning no later than May 31, 2022, which is at least six months after defendant Insurance Company was put on notice that Liam Pagel was underinsured and during that time defendant Insurance Company, through investigation, inquiry and diligence could have readily ascertained the amount of benefits owed for the wrongful death losses of Jeffery Ferris.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT INSURANCE COMPANY:  BREACH OF CONTRACT FOR UIM BENEFITS FOR THE MINOR CHILD CAMERON FERRIS**

17.

Plaintiff realleges paragraphs 1-10.

18.

At all times material, Cameron Ferris was an insured under the terms of defendant Insurance Company's above-described insurance policies.

19.

Plaintiff GAL for Cameron Ferris is contractually entitled to UIM benefits from defendant Insurance Company in an amount he was legally entitled to recover as damages, as described in paragraphs 6-8, from the owner or operator of an underinsured vehicle because of bodily injury sustained by the insured caused by accident and arising out of the

Page 7 –SECOND AMENDED COMPLAINT

1  use of the underinsured vehicle.

2                                    20.

3
4  Defendant Insurance Company has breached its contractual agreement by denying
5  the existence of UIM benefits to Jeffrey Ferris under the above insurance policies.

6                                    21.

7  Pursuant to ORS 742.061, plaintiff is entitled to their reasonable attorney fees from
8
9  defendant.

10                                   22.

11  Plaintiff is entitled to prejudgment interest beginning no later than May 31, 2022,

12  which is at least six months after defendant Insurance Company was put on notice that
13
14  Liam Pagel was underinsured and during that time defendant Insurance Company, through
15  investigation, inquiry and diligence could have readily ascertained the amount of benefits
16  owed for the losses suffered by the minor child, Cameron Ferris.

17                          * * * * * * * * * * *

18  WHEREFORE, plaintiffs pray for judgment against defendant Insurance Company
19
20  in the amount of $43,100,000 or such amount as determined to be appropriate, pre-
21  judgment interest, costs and disbursements and attorney fees under ORS 742.061.

22  DATED:  December 20, 2022            EIVA LAW
23                                      /s/ Travis Eiva
                                        Travis Eiva – OSB No. 052440
24                                      travis@eivalaw.com

25                                      Of Attorneys for Plaintiff
26                                      Trial Attorney: Travis Eiva

Page 8 –SECOND AMENDED COMPLAINT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I served the foregoing **SECOND AMENDED COMPLAINT** on:

Gabriel M. Weaver
McDermott Weaver Connelly Clifford
1000 SW Broadway, Suite 960
Portland, OR 97205
503/208-6958
gweaver@mwcc.law

**Attorney for Defendants**

By Email and U.S. Mail

DATED: December 20, 2022

_/s/ Travis Eiva_
Travis Eiva, OSB No. 052440

Page 1 of 1- CERTIFICATE OF SERVICE

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR
MULTNOMAH COUNTY

| | |
|---|---|
| MARY RICHARDS, in her capacity as Personal Representative for the Estate of JEFFERY FERRIS, deceased, and in her capacity as Guardian Ad Litem for CAMERON FERRIS, a minor | Case No. 22CV32560 <br><br> **SUMMONS** |
| Plaintiff, | |
| vs. | |
| U-HAUL INTERNATIONAL, INC., a foreign corporation AMERCO a foreign corporation, REPWEST INSURANCE CO., a foreign corporation, U-HAUL CO. OF OREGON, a domestic corporation, and U-HAUL CO. OF WASHINGTON, a domestic corporation, | |
| Defendants. | |

**TO:     U-HAUL CO. OF WASHINGTON**
**c/o Registered Agent**
**CT CORPORATION SYSTEM**
**711 Capitol Way S, Suite 204**
**Olympia, WA 98501-1267**

**IN THE NAME OF THE STATE OF OREGON:** You are hereby required to appear and answer

the Complaint filed against you in the above-entitled cause within 30 days from the date of service

of this summons upon you, and if you fail so to answer, for want thereof, the plaintiff will apply to

the court for the relief demanded therein.

Page 1 of 2- SUMMONS

Eiva Law
1165 Pearl Street
Eugene, OR 97401
541-636-7480

**NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY!** You must "appear" in this case, or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer". The "motion" or "answer" must be filed with the court within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney.

If you have any questions, you should see an attorney immediately. If you need help finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 683-3763 or toll-free in Oregon at (800) 452-7636.

/s/ *Travis Eiva*
EIVA LAW PC
101 E. Broadway, Suite 303
Eugene, OR 97401
(541) 636-7480

Travis Eiva, OSB No. 052440
travis@eivalaw.com

Attorneys for Plaintiff

SUMMONS
(For service within the U.S.)

Page 2 of 2- SUMMONS

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MARY RICHARDS, in her capacity as Personal
Representative for the Estate of JEFFERY
FERRIS, deceased, and in her capacity as
Guardian Ad Litem for CAMERON FERRIS, a
minor,

Plaintiff,

vs.

U-HAUL INTERNATIONAL, INC.; AMERCO;
REPWEST INSURANCE CO.; U-HAUL CO.
OF OREGON; and U-HAUL CO. OF
WASHINGTON,

Defendant.

_____/

Case No. **22CV32560**

**CERTIFICATE OF SERVICE**

STATE OF WASHINGTON
County of Thurston            ss.

I, Carolyn Heater, hereby certify that I am a competent person 18 years of age or older, a
resident of the State of Washington and that I am not a party to nor an attorney for any party
in the within named action; that I made service of a true copy of:

*Summons and Second Amended Complaint*

CORPORATE SERVICE - Pursuant to ORCP 7D(3):

Upon **U-HAUL CO. OF WASHINGTON**, by personal service upon James Roberts, the clerk
on duty in the office of the registered agent, CT Corporation System, 711 Capitol Way S,
Suite 204, Olympia, WA 98501 on December 22, 2022 at 11:54 AM.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this 27th day of December, 2022.

X _____
Carolyn Heater
Nationwide Process Service, Inc.
315 W Mill Plain Blvd, Ste. 206
Vancouver, WA 98660
503-241-0636

*361184*

1

2

3

4

5

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR
MULTNOMAH COUNTY

6

7

8

9

10

11

| | |
|---|---|
| MARY RICHARDS, in her capacity as Personal Representative for the Estate of JEFFERY FERRIS, deceased, and in her capacity as Guardian Ad Litem for CAMERON FERRIS, a minor<br><br>                     Plaintiffs,<br><br>vs.<br><br>U-HAUL INTERNATIONAL, INC., a foreign corporation, AMERCO, a foreign corporation, REPWEST INSURANCE CO., a foreign corporation, U-HAUL CO. OF OREGON, a domestic corporation, and U-HAUL CO. OF WASHINGTON, a domestic corporation,<br><br>                     Defendants. | Case No. 22CV32560<br><br>**NOTICE OF INTENT TO TAKE DEFAULT AGAINST DEFENDANTS U-HAUL INTERNATIONAL, INC., AMERCO, REPWEST INSURANCE CO., AND U-HAUL CO. OF OREGON** |

12

13

14

15

16

17

18

19

TO DEFENDANTS U-HAUL INTERNATIONAL, INC., AMERCO, REPWEST INSURANCE CO., AND U-HAUL CO. OF OREGON, AND TO THEIR ATTORNEY OF RECORD:

20

21

22

23

24

Gabriel M. Weaver
McDermott Weaver Connelly Clifford
1000 SW Broadway, Suite 960
Portland, OR 97205
503/208-6958
gweaver@mwcc.law

25

PLEASE TAKE NOTICE that Plaintiffs shall make application to the Court for an

26

Order of Default against Defendants in this case by way of motion on January 18, 2023.

Page 1 of 2- NOTICE OF INTENT TO TAKE DEFAULT AGAINST DEFENDANTS

This notice is given pursuant to ORCP 69A.

DATED:  January 5, 2023

/s/ Travis Eiva
EIVA LAW
Travis Eiva, OSB No. 052440
travis@eivalaw.com

Attorney for Plaintiff

Page 2 of 2- NOTICE OF INTENT TO TAKE DEFAULT AGAINST DEFENDANTS