IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY RICHARDS, in her capacity as
Personal Representative for the Estate of
Jeffery Ferris, deceased, and in her
capacity as Guardian Ad Litem for
Cameron Ferris, a minor,

           Plaintiff,

v.

U-HAUL INTERNATIONAL, INC., a
foreign corporation, AMERCO, a foreign
corporation, REPWEST INSURANCE
CO., a foreign corporation, U-HAUL CO.
OF OREGON, a domestic corporation, and
U-HAUL CO. OF WASHINGTON, a
domestic corporation,

           Defendants.

No. 3:23-cv-00062-HZ

OPINION & ORDER

Travis Stephen Eiva
Eiva Law
1165 Pearl Street
Eugene, OR 97401

    Attorney for Plaintiff

1 – OPINION & ORDER

James T. McDermott
Gabriel M. Weaver
Ciaran P.A. Connelly
McDermott Weaver Connelly Clifford LLP
1000 S.W. Broadway, Suite 960
Portland, OR 97205

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

      This matter comes before the Court on Plaintiff's Motion to Remand Pursuant to 28 U.S.C. § 1447(c). ECF 12. For the reasons that follow, the Court denies Plaintiff's Motion.

## BACKGROUND

      The following facts are taken from Plaintiff's Second Amended Complaint ("SAC") and the parties' filings related to the Motion to Remand and are taken as true unless otherwise noted.

      On November 16, 2020, Suzie Chu[1] rented a truck from a U-Haul location in Vancouver, Washington[2] for a one-way trip to Arizona. Chu signed an equipment contract that provided in pertinent part:

> An automobile liability insurance policy or a qualified self-insurance arrangement provides the authorized driver with the minimum limits required by the automobile financial responsibility or compulsory insurance law of the jurisdiction in which the accident occurs.

Flatten Decl., ECF 18, Ex. 1 at 1. A few minutes later Chu opted to add "Safe Move"[3] coverage and signed an amended equipment agreement that provided in relevant part: "An automobile liability insurance policy or a qualified self-insurance arrangement provides the authorized driver

---

[1] Chu is not a party to this action.
[2] "U-Haul of Washington is the exclusive entity that rents U-Haul trucks in the state of Washington." Flatten Decl. ¶ 6.
[3] The rental contract addendum included a description of Safe Move in relevant part as follows: "Safestor Mobile is insurance providing protection, subject to Exclusions, for loss or damage to your goods."

2 – OPINION & ORDER

with the minimum limits required by the automobile financial responsibility or compulsory insurance law of the jurisdiction in which the accident occurs." *Id.*, at 3. The rental contract addendum provided in pertinent part:

> This Agreement is between the Customer (defined as the individual(s) signing the individual rental contract and/or paying for the rental of the EQUIPMENT) ("Customer", "I", "Me" or "My") and the local "U-Haul" Marketing Company where the Agreement is entered into. . . ("Company").
>
> * * *
>
> 3. LIABILITY PROTECTION
>
> An automobile liability insurance policy or a qualified self-insurance arrangement provides the Authorized Driver with the minimum limits required by the automobile financial responsibility or compulsory insurance law of the jurisdiction in which the accident occurs. The protection provided by the Company is excess or secondary to any insurance coverage of the Customer or an Authorized Driver.
>
> * * *
>
> 4. NO-FAULT BENEFITS & UNINSURED/UNDERINSURED MOTORIST PROTECTION
>
> . . . . To the extent required by applicable law, the Company provides . . . UNINSURED/ UNDERINSURED PROTECTION to Authorized Drivers and passengers, limited as follows: the Company's no-fault and/or UNINSURED/ UNDERINSURED PROTECTION does not apply until after exhaustion of all other no-fault insurance and/or other protection available to the Authorized Driver and/or passenger(s) . . . and then the Company's protection applies to the extent it is needed to meet, on a cumulative basis with all such other insurance and/or protection available to the Authorized Driver and/or passenger(s), the minimum benefits required by applicable law.

*Id.* at 6.

On November 18, 2020, Chu's fiancé, Jeffrey Ferris, was driving the rented U-Haul truck southbound on highway 97 in Oregon and Cameron Ferris was his passenger. SAC, ECF 1, Ex.

3 – OPINION & ORDER

A at ¶ 3. Liam Pagel[4] was driving his vehicle northbound on highway 97, left his lane of travel, crossed into the southbound lane, and collided head-on with the U-Haul truck. Jeffrey Ferris was killed in the collision and Cameron Ferris "suffered severe life-altering injuries." *Id.* Plaintiff alleges Pagel is liable for causing the wrongful death of Jeffrey Ferris and for causing the severe injuries to Cameron Ferris. *Id*. at ¶¶ 5-6. Plaintiff alleges Pagel's vehicle was uninsured or underinsured within the meaning of Oregon Revised Statute § 742.500 *et seq*., because "Pagel's liability insurance coverage to pay for the . . . losses was subject to policy limits of $100,000/ $300,000." *Id*. at ¶ 7.

On September 23, 2022, Plaintiff in her capacity as the personal representative of the estate of Jeffrey Ferris and the guardian ad litem for Cameron Ferris filed a complaint in Multnomah County Circuit Court against U-Haul International, Incorporated ("UHI"); AMERCO[5]; and RepWest[6] in which she alleged, among other things, that "[i]n Oregon [Jeffrey Ferris] rented a moving truck and purchased auto liability insurance from defendant."[7] Notice of Removal, Ex. A at ¶ 1(h). Plaintiff further alleged Oregon law . . . requires that any such liability insurance must include uninsured and underinsured motorist ('UM/UIM') coverage." *Id.* at ¶ 8. Plaintiff brought claims against "defendant Insurance Company"[8] for breach of contract for UIM

---

[4] Pagel is not a party to this action.
[5] Plaintiff alleges AMERCO is "engaged in the business of providing insurance, moving, storage, support, and oversight services for" Defendants UHI, "U-Haul Company of Washington, and U-Haul of Oregon." SAC at ¶ 1(e).
[6] Plaintiff alleges RepWest "provides insurance and claim handling services of liability and underinsured motorist claims involving U-Haul and AMERCO and their customers." SAC at ¶ 1(f).
[7] Plaintiff did not specify from which defendant Jeffrey Ferris purchased liability insurance.
[8] Plaintiff defined "defendant Insurance Company" as UHI, AMERCO, and RepWest. Notice of Removal, Ex. A at ¶ 1(h).

4 – OPINION & ORDER

benefits for the estate of Jeffrey Ferris and for Cameron Ferris. Plaintiff did not attach a copy of the amended equipment agreement to the complaint.

On November 4, 2022, counsel for Defendants, Gabriel Weaver, spoke with Plaintiff's counsel, Travis Eiva, and asserted that "AMERCO, [UHI], [and] RepWest were [not] appropriate defendants. . . . Rather, based . . . on the . . . allegation in the Complaint that the truck was rented by Mr. Ferris in Oregon, . . . the proper defendant would be U-Haul Co. of Oregon." Weaver Decl., ECF 19, at ¶ 3. At the time of their conversation Weaver did not have a copy of the amended equipment agreement. *Id*.

On November 8, 2022, Plaintiff filed an amended complaint in Multnomah County Circuit Court in which she added U-Haul Company of Oregon ("UHOR") as a Defendant and continued to allege that "[i]n Oregon [Jeffrey Ferris] rented a moving truck and purchased auto liability insurance from defendant."[9] Notice of Removal, Ex. A at ¶ 1(j). Plaintiff did not attach the amended equipment agreement to the amended complaint.

In the course of investigating the allegations of the amended complaint Weaver learned that Plaintiff's allegations were inaccurate: Jeffrey Ferris did not rent the U-Haul truck in Oregon, rather Chu rented the U-Haul truck from a location in Washington. On December 5, 2022, Weaver informed Eiva that the amended equipment agreement and the rental contract addendum (together "the rental agreement") were entered into by Chu at a Washington U-Haul provider. Weaver provided Eiva with a copy of the rental agreement reflecting this information and asked Plaintiff to "amend her complaint to correct the inaccuracies, include a full copy of the

---

[9] Plaintiff again did not specify from which defendant Jeffrey Ferris allegedly purchased liability insurance.

5 – OPINION & ORDER

rental agreement, and either dismiss the defendants other than UHWashington, or articulate a theory under which those other defendants could possibly be liable." Weaver Decl. ¶ 6.

On December 20, 2022, Plaintiff filed a second amended complaint in Multnomah County Circuit Court in which she added U-Haul of Washington ("UHWA") as a Defendant but did not dismiss UHOR. Plaintiff alleges Jeffrey Ferris "was an authorized driver of a truck rented from defendant U-Haul[10] and insured by defendant Insurance Company[11] under one or more insurance policies and, as such, he is and was a beneficiary of certain insurance benefits under such insurance policies." SAC at ¶ 1(j). Plaintiff brings claims for breach of contract for UIM benefits for the estate of Jeffrey Ferris and for Cameron Ferris and seeks $43,100,000 in economic and noneconomic damages.

Plaintiff served the second amended complaint on December 22, 2022. On January 14, 2023, UHWA removed the matter to this Court on the basis of diversity jurisdiction. In their Notice of Removal Defendants allege Jeffrey and Cameron Ferris were and are Oregon residents, Defendant UHI is a Nevada corporation with its principal place of business in Arizona, Defendant RepWest is an Arizona company with its principal place of business in Arizona, Defendant UHWA is a Washington corporation with its principal place of business in Washington, AMERCO is a Nevada corporation with its principal place of business in Arizona, and UHOR is an Oregon corporation, but UHOR's citizenship should be disregarded because it was fraudulently joined.

---

[10] Plaintiff does not specify which U-Haul entity the truck was rented from, but the amended equipment agreement indicates it was rented from a U-Haul location in Washington.
[11] Plaintiff defines "defendant Insurance Company" as UHI, AMERCO, RepWest, UHOR, and UHWA. SAC at ¶ 1(h).

6 – OPINION & ORDER

On February 13, 2023, Plaintiff filed a Motion to Remand this action to Multnomah County Circuit Court. The Court took this matter under advisement on April 24, 2023.

## STANDARDS

28 U.S.C. § 1446(a) provides in pertinent part: "A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal."

The removal statute, 28 U.S.C. § 1441(a), is strictly construed against removal jurisdiction. *Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co*., 23 F.4th 1167, 1170 (9th Cir. 2022). Courts, therefore, "reject federal jurisdiction '[when] there is any doubt as to the right of removal in the first instance.'" *Martinez v. Am.'s Wholesale Lender*, 764 F. App'x 592 (9th Cir. 2019)(quoting *Gaus v. Miles, Inc*., 980 F.2d 564, 566-67 (9th Cir. 1992)). *See also Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010)(federal jurisdiction must be rejected "if there is any doubt as to the right of removal."). Due to the strong presumption against removal jurisdiction, "[a] 'defendant seeking removal has the burden to establish that removal is proper.'" *Sharma,* 23 F.4th at 1169 (quoting *Canela v. Costco Wholesale Corp*., 971 F.3d 845, 849 (9th Cir. 2020)).

A motion to remand is the proper procedure for challenging removal. *Moore-Thomas v. Alaska Airlines, Inc*., 553 F.3d 1241, 1244 (9th Cir. 2009).

## DISCUSSION

### I.     Timely Removal

Plaintiff concedes UHWA removed the matter to this Court within 30 days of service of the second amended complaint on UHWA, but notes removal occurred more than 72 days after "the first Amended Complaint was served on defense counsel's other U-Haul clients including

7 – OPINION & ORDER

[UHOR]." Pl. Mot. to Remand at 5. To the extent that Plaintiff is asserting that removal was untimely, the Court disagrees.

The Ninth Circuit has adopted the "last-served defendant rule," which provides "each defendant is entitled to thirty days to exercise his removal rights after being served." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). It is undisputed that UHWA was the last Defendant served and that it removed the matter within 30 days of being served with the second amended complaint. Accordingly, the Court finds Defendants removal of this action was timely.

**II.     Fraudulent Joinder Standard**

"Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018)(citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). When "determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare*, 889 F.3d at 548 (citation omitted).

There are two ways to establish fraudulent joinder: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Grancare,* 889 F.3d at 548 (quoting *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1044 (9th Cir. 2009)). "Fraudulent joinder is established the second way [when] a defendant shows that an "'individual[ ] joined in the action cannot be liable on any theory.'" *Grancare,* 889 F.3d at 548 (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). If, however, "there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare,* 889 F.3d at 548 (quoting *Hunter v.*

*Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009))(emphasis in *Grancare*). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Grancare,* 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046). "Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id.* (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). "The relative stringency of the standard accords with the presumption against removal jurisdiction, under which we 'strictly construe the removal statute,' and reject federal jurisdiction 'if there is any doubt as to the right of removal in the first instance.'" *Id.* (quoting *Gaus*, 980 F.2d at 566).

The Ninth Circuit has "upheld rulings of fraudulent joinder" when defendants have established plaintiffs' claims are barred by the statue of limitations or when defendants have "present[ed] extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant." *Grancare*, 889 F.3d at 548 (citations omitted). *See, e.g., United Comput. Sys. Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002)(finding fraudulent joinder when the plaintiff's claims against the alleged sham defendant were all predicated on a contract to which the defendant was not a party); *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426–27 (9th Cir. 1989)(same). The court, however, has declined to uphold fraudulent joinder rulings when "a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Id.* at 548-49.

**III.     Merits**

Plaintiff asserts in her Motion to Remand that she is an Oregon citizen, UHOR is an Oregon citizen, and UHOR was not fraudulently joined. According to Plaintiff, therefore, the parties are not diverse and this Court lacks subject-matter jurisdiction. Plaintiff alleges there are "numerous" ways in which Plaintiff "could prevail against defendant [UHOR] under Oregon insurance law, self-insurance standards, and duties to ensure that vehicles under its control satisfy insurance laws, particularly when the court, . . . considers the myriad of ways that plaintiff could seek to amend the current pleading." *Id.* at 9. Plaintiff lists several Oregon statutes related to vehicle insurance requirements, self-insurance requirements, and UIM coverage requirements, but does not present specific facts or argument relating those statutes to the circumstances here. Plaintiff also states she served Defendants with requests for production seeking "all insurance coverage related to the U-Haul truck involved in the collision," however, Defendants did not provide any documents responsive to that request. Pl. Mot. at 4. Plaintiff concludes that UHWA and "its counsels [*sic*] evidentiary silence and failure to meet the removal burden is telling. That is particularly so when related defendants and the same counsel were silent about such potential fraudulent joinder for 72 days after service of the action and even suggested that [UHOR] should be joined in the first place." *Id.* at 10.

Defendants assert there is no possibility that a state court would find that the SAC states a cause of action against UHOR and, therefore, joinder of UHOR was fraudulent. Specifically, Defendants assert Plaintiff cannot establish her breach of contract claims as to UHOR because UHOR and UHWA are separate and independent corporate subsidiaries of UHI, UHOR was not

a party to the rental agreement,[12] and any requirement to provide UIM benefits or insurance to Plaintiff arises solely out of the rental agreement between Chu and UHWA. In addition, Defendants explain in their Response that they believed UHOR was an appropriate party when Weaver spoke to Eiva in November 2022 based on the allegations in Plaintiff's original and first amended complaints that Jeffrey Ferris rented the truck in Oregon and on Plaintiff's failure to attach the amended equipment agreement to either of those complaints. Defendants removed the action only after they discovered Chu rented the truck in Washington and Plaintiff added UHWA as a defendant but did not remove UHOR. Defendants assert, therefore, that these facts are not an indication that joinder of UHOR was not fraudulent.

To state a claim for breach of contract under Oregon law a plaintiff "must allege the existence of a contract, 'its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff.'" *Slover v. Or. Bd. of Clinical Soc. Workers*, 144 Or. App. 565, 570 (1996)(quoting *Fleming v. Kids and Kin Head Start,* 71 Or. App. 718, 721 (1985)). In addition, "the plaintiff must allege the defendant was a party to the contract or is otherwise bound by the terms of the contract." *Franson v. United States*, No. 3:19-cv-01983-AC, 2021 WL 2232054, at *4 (D. Or. May 10, 2021), report and recommendation adopted, No. 3:19-CV-1983-AC, 2021 WL 2229045 (D. Or. June 2, 2021)(citing *E.E.O.C. v. Waffle House*, 534 U.S. 279, 294 (2002)("It goes without saying that a contact cannot bind a nonparty."); *Slover,* 144 Or. App. at 572 (affirming dismissal of breach of contract claims against individual Board members when the plaintiff alleged "the contract was only with the Board and not with the individual defendants")).

---

[12] Defendants note Jeffrey Ferris was not a party to the rental agreement, but state that for purposes of their opposition to the Motion to Remand only, they assume that Plaintiff could allege that Jeffrey Ferris was a third-party beneficiary of the rental agreement.

11 – OPINION & ORDER

The rental agreement stated in pertinent part: "This Agreement is between the Customer (defined as the individual(s) signing the individual rental contract and/or paying for the rental of the EQUIPMENT) . . . and the local 'U-Haul' Marketing Company where the Agreement is entered into. . . ('Company')." Flatten Decl., Ex. 1 at 6. It is undisputed that Chu entered into the rental agreement with a U-Haul location in Washington and that UHWA "is the exclusive entity that rents U-Haul trucks in the state of Washington." Flatten Decl. ¶ 6. The rental agreement, therefore, was between Chu and UHWA. In addition, the rental agreement notes "[a]n automobile liability insurance policy or a qualified self-insurance arrangement provides the Authorized Driver with the minimum limits required by the automobile financial responsibility or compulsory insurance law of the jurisdiction in which the accident occurs. The protection provided by the Company is excess or secondary to any insurance coverage of the Customer or an Authorized Driver " *Id*. These two sentences make clear that UHWA is the entity that has either an automobile liability insurance policy or a qualified self-insurance agreement that, pursuant to the rental agreement, provided Jeffrey Ferris with the minimum automobile insurance limits required under Oregon law secondary to any insurance of Chu or Jeffrey Ferris.[13] The rental agreement further provides: "To the extent required by applicable law, the Company [UHWA] provides . . . UNINSURED/ UNDERINSURED PROTECTION to Authorized Drivers and passengers, limited as follows: the Company's no-fault and/or UNINSURED/ UNDERINSURED PROTECTION does not apply until after exhaustion of all other no-fault insurance and/or other protection available to the Authorized Driver[.]" *Id.* This suggests that UHWA, pursuant to the rental agreement, could provide UIM coverage for Jeffrey Ferris after exhaustion of all other relevant insurance available to Jeffrey Ferris. The rental

---

[13] Plaintiff does not allege whether Chu or Jeffrey Ferris had applicable insurance.

12 – OPINION & ORDER

agreement does not indicate that any U-Haul entity other than UHWA was a party to the contract, agreed to provide insurance coverage, or has insurance that covers UHWA customers or drivers.

In addition, the record reflects UHWA and UHOR are separate corporate subsidiaries of Defendant UHI. Courts have made clear that corporations are separate and individual entities that are not liable for the acts of other corporations. *See, e.g., Crystal Cruises, Inc. v. Moteurs Leroy-Somer S.A.*, 545 F. App'x 647, 647-48 (9th Cir. 2013)("Corporations are treated as separate and distinct entities."). Although under Oregon law shareholders of a corporation may be held liable if the corporation is a "mere 'instrumentality' or 'alter ego' and [when] fraud or injustice has resulted," *Brodle v. Lochmead Farms, Inc.*, No. 10–cv-6386–AA, 2011 WL 4913657, at *6 (D. Or. Oct. 13, 2011)(quoting *Amfac Foods, Inc. v. Int'l Sys. & Controls Corp.,* 294 Or. 94, 105 (1982)), "[g]enerally alter ego liability applies [only] to shareholders." *Id.* When a corporation does not have an ownership interest in another corporation, alter-ego liability does not apply because "some evidence of an ownership interest is required for liability to attach." *Id.* There is no evidence that UHOR has any ownership interest in UHWA that would give rise to alter-ego liability. The Court, therefore, concludes Defendants have established there is no possibility that a state court would find UHOR is legally responsible for UIM insurance referenced in the rental agreement or that the SAC states a cause of action against UHOR.

Plaintiff asserts in her Reply that rather than entitlement to UIM benefits under the rental agreement, this is "a case for [UIM] benefits that should be provided under defendants' liability insurance policies for its fleet vehicles or through being an authorized self-insured entity for such vehicles under Oregon law" and "arises out of defendants' breach of providing insurance benefits as required under governing state law." Pl. Reply at 2-3. As explained, however, even if

UHI, AMERCO, RepWest, UHWA, or UHOR hold fleet insurance that might provide UIM benefits to the driver of a rented vehicle, the only conduit for insurance coverage of the vehicle at issue is the rental agreement between Chu and UHWA, which does not implicate UHOR because UHOR is a separate entity from UHWA and had no relationship to the transaction.

Plaintiff asserts in her Reply that because "defendants have not cited evidence to [the] Court of any liability insurance policy on the U-Haul fleet vehicle as required by Oregon law" or provided evidence that "the vehicle was covered by a qualified self-insurer . . . in the absence of an actual insurance policy," it is possible that Defendants do not have an insurance policy and/or are not properly self-insured, which would give rise to claims under Oregon law for failure to insure their vehicles. Contrary to Plaintiff's assertion, however, the record contains evidence that the vehicle at issue was insured. As noted, the rental agreement states "[a]n automobile liability insurance policy or a qualified self-insurance arrangement provides the Authorized Driver with the minimum limits required by the automobile financial responsibility or compulsory insurance law of the jurisdiction in which the accident occurs." The fact that Defendants have not produced this policy or evidence of self-insurance at this early stage in the litigation is not sufficient for the Court to infer that Defendants do not have either the insurance policy or self-insurance as stated in the rental agreement. Plaintiff's arguments are pure speculation and, as such, are insufficient for the Court to find that there is a possibility that a state court would conclude that the SAC states claims against UHOR for failure to insure.

Finally, the Court finds on this record that neither Weaver's suggestion in his November 2022 conversation with Eiva that UHOR was an appropriate party nor Defendants' failure to remove this matter until 72 days after the original complaint was served is evidence that removal was inappropriate.

14 – OPINION & ORDER

The Court, therefore, concludes on this record that Defendants have met their burden to establish there is no possibility that a state court would find that the SAC states a cause of action against UHOR. Accordingly, the Court finds the joinder of UHOR was fraudulent and, therefore, the Court will disregard UHOR's citizenship for purposes of diversity jurisdiction.

## CONCLUSION

For these reasons, the Court DENIES Plaintiff's Motion to Remand Pursuant to 28 U.S.C. § 1447(c). ECF 12.

IT IS SO ORDERED.

DATED:      June 22, 2023           .

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

15 – OPINION & ORDER